DANIEL L. PRATT *vs.* PIONEER PRESS COMPANY.

November 25, 1882.

Order granting a New Trial affirmed.—*Held*, (following *Rheiner* v. *Stillwater Street Ry. & Transfer Co.*, 29 Minn. 147,) that this court will not reverse an order of the trial court granting a new trial upon the ground that the verdict is not justified by the evidence, unless satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for an alleged libel by defendant.    The action was tried before *Young*, J., and a jury, and plaintiff had a verdict for $2,000.    Plaintiff appeals from an order granting a new

trial on the ground that the verdict is contrary to law and not justified by the evidence.

The alleged libel was contained in the following article published by defendant in its paper:

"CULPABLE NEGLECT. Late on Sunday evening the coroner was notified that an infant had been lying dead for several days at the house occupied by Mr. Hillman on South Fifth Street opposite the Washington school, and shortly before midnight he succeeded in rousing an undertaker, and proceeded to the house, when he found that Mrs. Jessie Mankin, whose husband is a railroad employe, and now being treated in the St. Paul hospital for injuries sustained on the road, had been delivered of a seven months' child on Saturday morning, on which occasion she was attended by Dr. Pratt; and that the child lived for only a few hours, and had been allowed by the physician to remain in the room, and had already begun to decompose. The mother is young, inexperienced, and prostrated, and if a thoughtful neighbor, who accidentally learned these facts, had not brought them to the notice of the authorities, there is no knowing how much longer the body would have been allowed to remain. The coroner had it taken to Warner's, and yesterday morning the health officer had it buried. The owner of the house thought it wasn't exactly right, but supposed the attending physician would either advise or take the proper steps in the matter."

*Thomas Kneeland* and *Boardman & Furguson*, for appellant.

*Babcock & Davis*, for respondent.

MITCHELL, J. This is an action for libel. The appeal is from an order granting a new trial on the ground that the verdict was not justified by the evidence and was contrary to law. The rules which will govern this court in reviewing the action of the trial court in such cases have been settled by repeated decisions.

In *Rheiner* v. *Stillwater Street Ry. & Transfer Co.*, 29 Minn. 147, we held "that we would not be warranted in reversing an order of this kind, simply because, if the judge below had refused to grant a new trial, we should have felt bound to sustain him; nor because there was evidence reasonably tending to support the verdict; nor because, if the motion for a new trial had been made before us in

the first instance, we should have, upon a consideration of the evidence, denied the motion. But if, upon careful perusal of the testimony and mature reflection, we feel satisfied that the preponderance of the evidence is *manifestly* and *palpably* in favor of the verdict, we would then deem it our duty to reverse the order granting a new trial."

In view of the judicial discretion which a trial court has always possessed and ought to possess in the matter of granting a new trial, we think these rules sound in principle and salutary in practice. In view of the fact that a new trial of this action may be had, it is inexpedient for us to enter into a discussion of the evidence. But, after an examination of the whole case, our conclusion is that while we think there is evidence reasonably tending to support the verdict, and that if the court below had refused a new trial we would have sustained his decision, yet we cannot say that the preponderance of the evidence is *manifestly* and *palpably* in favor of the verdict, or that the court below, in granting a new trial, committed an abuse of his reasonable judicial discretion. The order appealed from must therefore be affirmed. This view of the matter disposes of this appeal.

2. But as another trial of the action will probably be had, we deem it advisable to refer to some views expressed by the learned court who tried the action, with which we are unable fully to concur. He expresses the opinion that there is nothing either in the alleged libel itself, or in the evidence, tending to show that the publication complained of referred to or affected plaintiff in his professional capacity as a physician and surgeon. We do not think the case, as before us, would warrant a court in so holding as a matter of law. Words may be divided into three classes: (1) Those that cannot possibly bear a defamatory meaning; (2) those that are reasonably susceptible of a defamatory meaning as well as an innocent one; (3) those that are clearly defamatory on their face. The publication in this case belongs to the second class. Therefore, the question would be, which meaning—the defamatory or the innocent one—would the words convey to ordinary men who read them without any previous knowledge of the circumstances to which they relate? This would

be a question for the jury. The fact referred to by the court, that no evidence was offered tending to show that the care of the remains of deceased persons is a part of the professional duties of the attending physician, would not by any means be decisive. The mere neglect to care for the remains of the child was not in itself the gist of the libel, according to the *innuendo,* but the fact that it endangered the health and life of the mother.

3. Further, we do not think that, upon the case as here presented, a court would have any right to hold, as a matter of law, that the truth of the publication was fully established and a complete justification made out. /Of course, this was no privileged publication. It was published as a matter of news, and in the publication of news, or in criticising men and things, the publisher of a newspaper has no privileges or immunities not possessed by any citizen. / The justification must go the whole length of the charge in all its material allegations. It must be as broad as the charge, and should be of the meaning, and not of the words merely. The publication should be considered as a whole, and not in detached fragments. The title or heading of an article is as much a part of the libel as any other part of the publication. The sting of the libel may sometimes be contained in a word or sentence placed as a heading. Hence, even if every fact stated in the body of the publication should be established as indisputably true, this might not amount to a justification, unless defendant also justified the prefix or heading, "Culpable Neglect;" for all the facts stated in the body of the article might be true, and yet not constitute culpable neglect on the part of the plaintiff. But, for the reason already given, the order appealed from is affirmed.