CHARLES LEX BROOKE, as Receiver, etc., of WILLIAM C. ROGERS, Plaintiff, *v.* THE TRADESMEN'S NATIONAL BANK, Defendant.

*Dismissal of a complaint — what objections are available at General Term — failure of a bank to pay a depositor's check or note — measure of damages*

An objection to the sufficiency of a complaint, not raised in the trial court, and which might have been avoided by amendment if taken there, and which was not stated as a ground for the dismissal of the complaint, is not available at General Term on the hearing of exceptions ordered to be heard there in the first instance on the dismissal of the complaint.

But in such a case, an objection to the complaint which shows that the action can not be maintained at all is available at General Term, although not raised below.

The measure of damages for the unauthorized refusal of a bank to pay the note of a depositor who has funds on deposit sufficient for the purpose, is the amount of the actual loss sustained by the depositor, naturally resulting from the breach of contract arising from the relation of debtor and creditor existing between a bank and its depositor, according to the usual course of things, namely, the amount of the debt, with interest and costs.

The complaint, in an action brought by the receiver of a judgment debtor against a bank, alleged that the bank wrongfully neglected to pay a note for $517.51, drawn by the debtor and made payable at the bank, where he had funds on deposit to the amount of $611.08 ; and that by reason thereof, certain creditors of the debtor entered judgment against him for $8,000, and issued execution, by means of which his business, valued at $50,000, was ruined, for which amount judgment was demanded.

*Held,* that the damages claimed were not those which naturally arose from the breach of contract between a debtor and creditor, and, hence, that the action was not maintainable, and that a dismissal of the complaint should be upheld.

MOTION by the plaintiff, Charles Lex Brooke, as receiver of the property of William C. Rogers, a judgment debtor, for a new trial, upon exceptions ordered to be heard at a General Term in the first instance, by an order made on the dismissal of the complaint at the New York Circuit, and entered in the office of the clerk of the city and county of New York on the 16th day of January, 1893.

*H. R. Leavitt,* for the plaintiff.

*C. E. Rushmore,* for the defendant.

VAN BRUNT, P. J.:

This action is brought by the plaintiff as receiver of one William C. Rogers, a judgment debtor, to recover damages sustained by

said Rogers because of the failure of the defendant to pay a note of said Rogers which had been made payable at the defendant's bank, the said Rogers having at the time of such refusal on deposit with the defendant more than sufficient money to pay said note.

The plaintiff does not claim to recover as such damages the amount of the deposit, but certain special damages arising from the fact that in consequence of the failure of the bank to pay the note in question, certain creditors of Rogers had the right to enter judgment for some $8,000 immediately and issue execution thereon, which they did, under which execution the sheriff levied upon the stock and fixtures of said Rogers at his store and remained in possession thereof for a period of about three weeks, by reason whereof it is claimed that said Rogers was unable to attend to his business, and did not attend to the same, and said business was thereby ruined and the credit of Rogers lost, and said Rogers was forced thereby to, and did, give up business, and that the value of said business was the sum of $50,000, for which sum judgment was demanded.

Upon the case coming on for trial the counsel for the defendant moved to dismiss the complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it disclosed a cause of action which could not be maintained by the plaintiff as receiver of the property of the judgment debtor, and set forth a cause for damage for tort, and is one to which such receiver could not succeed, but was personal to the judgment debtor, being not transferable in its nature. The court dismissed the complaint and the plaintiff duly excepted, and this is the exception which was ordered to be heard in the first instance at the General Term.

This case having heretofore been before the court upon a previous occasion and argued but not decided because of defects in the papers, the question arose as to whether the plaintiff could maintain this action in any event without more specific allegations showing some duty upon the part of the defendant to pay the note in question other than that disclosed by the complaint, and in the points submitted upon this argument, the counsel have addressed themselves somewhat to this point.

But it seems to us that this question cannot be considered upon this motion for the reason that no such ground was stated upon the dismissal of the complaint, and it being a ground which might

have been avoided by amendment, which if objection had been taken the court might have allowed upon proper terms, it cannot be made available here.

The plaintiff disclaims that the action is an action *ex delicto*, but that on the contrary it is simply an action for damages for the breach of a contract, and although it is alleged in the complaint that the bank wrongfully, negligently and unjustly refused to pay the note and that by reason thereof said Rogers suffered special damages, the use of these terms does not turn the complaint setting forth a contract and a breach thereof into an action sounding in tort.

Treating, therefore, the complaint as it is interpreted by the counsel for the plaintiff, can the special damages alleged be recovered against the defendant?

There seems to be no dispute between the parties but that the relation existing between a bank and its depositor is that of debtor and creditor, and that the law implies a contract upon the part of the bank to disburse money standing to the depositor's credit, only upon his order and in conformity with his directions.

It is undoubtedly the rule that the refusal to pay a check upon presentation gives the drawer a right of action in case he has funds in the bank to meet the check, and the refusal to pay was without authority, and that the measure of damages will be the amount of actual loss the party has sustained, and that damages which may fairly and reasonably be considered as naturally arising from the breach of contract according to the usual course of things are always recoverable.

In applying this rule to the case at bar, how can it be claimed that because the bank neglected to pay the note of Rogers for $517.51, he having on deposit with the bank at the time $611.08, the result which in the usual course of things would follow was the immediate entry of a judgment against Rogers for over $8,000, and the seizure of his business by the sheriff? This condition of things arose because of an agreement made between Rogers and his creditors, of which the bank had no notice, and which they had no reason to suppose existed.

Now, as has already been stated, the relation between the bank and its depositor is that of debtor and creditor, and that only; and the ordinary liability to which a debtor subjects himself for nonpay-

ment of a debt in an action for damages for the breach of his contract to pay is that he be mulcted in damages to the amount of his debt with interest and costs, and these are the only damages which in such case might fairly and reasonably be considered as naturally arising from the breach of the contract according to the usual course of things.

As well might it be said that if A. promises to pay B. a certain sum on a given day, and B. had agreed with C. to make a payment to him upon that date or subject himself to a forfeiture which would be very detrimental to his interest, and B. relied upon receiving the money from A. to make the payment, that A., upon making default in payment, would be liable in damages for the whole interest which B. had forfeited because he was unable in consequence of A.'s default to B., to make his payment to C.

The damages claimed in this action are clearly not those which naturally arose from the breach of a contract between debtor and creditor, and, therefore, cannot be recovered.

It may be said that this question was not raised in the court below, and the point is subject to the same criticism that is made in reference to the duty of the bank to pay the note in question. But it does not stand upon the same footing, as, if the action cannot be maintained at all, the court having dismissed the complaint the appellate court will not interfere with such dismissal even though it was upon an erroneous ground.

The exceptions should, therefore, be overruled, and judgment entered upon the dismissal, with costs in this court and in the court below.

O'BRIEN, J., concurred.

INGRAHAM, J. There being no cause of action alleged in the complaint, I think the court was required to dismiss the complaint. I, therefore, concur.

Exceptions overruled, and judgment entered upon the dismissal, with costs in this court and in the court below.