BECKER SVENDSEN v. STATE BANK OF DULUTH.[1]

January 29, 1896.

Nos. 9728—(305).

**Dishonor of Check by Bank—Damages.**

When a banker has in his hands funds of a depositor for the purpose of paying the depositor's checks, and the depositor is a trader or merchant, and his check is dishonored by the banker, and returned to the payee, for the alleged reason that he has not sufficient funds of the maker in his hands to pay the same, when he in fact has, it amounts to a slander of the merchant or trader in his business, and he is entitled to recover general compensatory damages in an action against the banker.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial. Reversed.

[1] Reported in 65 N. W. 1086.

*John Rustgard*, for appellant.

The refusal of a banker, who has sufficient funds of his customer for that purpose, to pay his order or draft, is a wrongful act, injurious to his credit, and entitles him to substantial damages, though no actual damages are proved.    Rolin v. Steward, 14 C. B. 595; Patterson v. Marine Nat. Bank, 130 Pa. St. 419, 18 Atl. 632; Schaffner v. Ehrman, 139 Ill. 109, 28 N. E. 917; Bank of Commerce v. Goos, 39 Neb. 437, 58 N. W. 84; 3 Am. & Eng. Enc. Law, 225, 226; 1 Sutherland, Dam. § 76; Bishop, Non. Cont. Law, § 491; Cooley, Torts, 203 (note).

*Smith, McMahon & Mitchell*, for respondent.

In order to sustain the action on the theory of tort, malice must be shown.    Booth v. Lloyd, 33 Fed. 593; Churchill v. Welsh, 47 Wis. 39, 1 N. W. 398; Warder v. Baldwin, 51 Wis. 450, 8 N. W. 257. The damage, if any, arising out of defendant's failure to pay the checks upon demand, was a damage arising out of contract, and nominal damages only can be given, unless actual damage was sustained.    Marzetti v. Williams, 1 B. & Ad. 415; Prehn v. Royal Bank, L. R. 5 Exch. 92; Brooke v. Tradesmen's Nat. Bank, 69 Hun, 202, 23 N. Y. Supp. 802; Schaffner v. Ehrman, 139 Ill. 109, 28 N. E. 917; Riggs v. Lindsay, 7 Cranch, 500.

CANTY, J.    During the time covered by the transactions hereinafter mentioned plaintiff was carrying on a mercantile business in Duluth, and the defendant was carrying on a banking business in that city.    Plaintiff was a customer of the defendant, and kept a deposit in its bank, which he was in the habit of drawing out by means of checks, and which was held by the bank for the purpose of paying such checks.    He had drawn on the bank a check for $42.15 in favor of one firm, and another for $54.60 in favor of another firm.    These checks came through the clearing house, and were on October 20, 1893, presented for payment to the bank, and payment was refused for want of funds, though the plaintiff then had on deposit in the bank, subject to his check, the sum of $235.22. The checks were returned through the clearing house to the holders thereof.    The reason why the bank refused to honor the checks was that it had by mistake charged up to plaintiff's account a note for

$300, made by him, and held by it, which was not yet due, but which the bank by mistake supposed was due.    This action was brought to recover damages for the refusal to pay the checks.    Plaintiff did not allege or prove any special damages, but claimed to be entitled to recover substantial general damages.    The court below on the trial ruled against him on this point, and ordered a verdict in his favor for nominal damages, to which he excepted, and from an order denying a new trial he appeals.

It is held by the authorities that in such a case the plaintiff's recovery is not limited to nominal damages, but he is entitled to recover general compensatory damages.    Rolin v. Steward, 14 C. B. 595; Schaffner v. Ehrman, 139 Ill. 109, 28 N. E. 917; Bank of Commerce v. Goos, 39 Neb. 437, 58 N. W. 84; Patterson v. Marine Nat. Bank, 130 Pa. St. 419, 18 Atl. 632; 3 Am. & Eng. Enc. Law, 225; 1 Sutherland, Dam. § 77.

The case of Patterson v. Marine Nat. Bank, supra, seems to place the right to recover more than nominal damages in such a case on the ground of public policy, but the other cases place it rather on the ground that the wrongful act of the banker in refusing to honor the check imputes insolvency, dishonesty, or bad faith to the drawer of the check, and has the effect of slandering the trader in his business.    We are of the opinion that the recovery of more than nominal damages can, on sound principle, be sustained on the latter ground, where the drawer of the check is a merchant or trader.    To refuse to honor his check is a most effectual way of slandering him in his trade, and it is well settled that to impute insolvency to a merchant is actionable per se, and general damages may be recovered for such a slander.    Townshend, Sland. & L. § 191; Odger, Libel & S. 80 (78).

Respondent's position that an action of tort cannot be maintained in such a case as this, and that plaintiff's only remedy is an action on contract, in which only nominal damages can be recovered, is not sustained by the authorities.

The case of Marzetti v. Williams, 1 B. & Ad. 415, cited by him, was an action in tort.    The amount of the verdict is not reported, but it is very evident that it was only for a nominal amount, and the only question before the court was whether or not the defendant was entitled to a nonsuit because the action should have been brought

on contract, not in tort.    The court held against the defendant on
that point, and what is said beyond this is merely obiter, and was
so regarded in the subsequent case of Rolin v. Steward, supra.    In
Prehn v. Royal Bank, L. R. 5 Exch. 92, the only question was wheth-
er plaintiffs were entitled to recover of the bank certain sums which
they had paid to save their credit by procuring money elsewhere
to pay bills drawn by them on the bank, and to prevent the bills
from going to protest after the bank had notified them that it would
not pay these bills, although it had funds in its hands for that
purpose.    It was held that they could recover the full sum so paid
by them to preserve their credit, and the authority of Rolin v. Stew-
ard was expressly recognized.    The case of Brooke v. Tradesmen's
Nat. Bank, 69 Hun, 202, 23 N. Y. Supp. 802, was an action by the
receiver of an insolvent whose check had been wrongfully dishon-
ored by the bank.    The plaintiff was forced to concede that he could
not maintain an action of tort, or recover any damages but such spe-
cial damages as he alleged and could prove, in an action for breach
of a contract.    These are all the cases cited which have any bear-
ing on the case.    These are the only questions raised worthy of con-
sideration.

It necessarily follows from the foregoing conclusions that the
order appealed from must be reversed.    So ordered.