ZIMMERMAN v. MARRIN et al.

(Supreme Court, Appellate Term. January 19, 1904.)

1. BREACH OF CONTRACT—DAMAGES.

Plaintiff cannot recover of defendants, for breach of contract to do work for a certain amount, the difference between that and what he pays others for doing it, if with reasonable exertions he could have had it done for less.

¶ 1. See Damages, vol. 15, Cent. Dig. §§ 128, 292.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Jacob A. Zimmerman against Edward Marrin and another. From a judgment for less than prayed, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

J. P. Everett, for appellant.

Stewart, Findlay & Hickey, for respondents.

GILDERSLEEVE, J. This is an appeal by the plaintiff from a judgment in his own favor for $197.15, damages and costs. Defendants also appealed from the judgment, but subsequently withdrew their appeal.

The action was brought to recover damages in the sum of $395.65 for the breach of a contract by which the defendants were to do certain excavating for plaintiff on premises No. 23 Grove street for $475, and on premises No. 71 to 75 Bank street for $600. The defendants completed the Grove street job, but plaintiff claims that defendants refused to commence within the proper time the Bank street job, and plaintiff was therefore compelled to complete it himself, and he accordingly contracted with one Balmer to. do the work for $950. Plaintiff sued defendants for $350, the difference between their contract price of $600 and the amount of the plaintiff's contract with Balmer, to wit, $950, together with certain extras amounting to $45.65, making the plaintiff's total claim $395.65. The justice allowed to plaintiff the sum of $175 and costs. The plaintiff appeals.

As defendants have withdrawn their appeal, the only question to be considered is that of the amount of the damages. There was a considerable conflict of evidence as to the reasonableness of the amount allowed by plaintiff to Balmer in excess of the price for which defendants agreed to do the work. It seems that, as a matter of fact, plaintiff has not actually paid Balmer the whole $950; for Balmer swears that there is still owing to him under his contract with plaintiff about $153, although more than a year had passed at the time of the trial since the whole amount became due under the contract. Defendants' counsel claims this casts a suspicion upon the bona fides of the transaction between plaintiff and Balmer. The defendants called two experts, besides the defendant Marrin himself, to show that the work could have been done much cheaper than it is claimed to have been done by Balmer.

The rule is that one injured by a breach of contract must make reasonable exertions to render the injury as light as possible. Hamilton v. McPherson, 28 N. Y. 72, 84 Am. Dec. 330; Polk v. Daly, 14 Abb. Prac. (N. S.) 156. Damages recoverable for breach of contract must be the natural result of such breach. Brooke v. Bank, 69 Hun, 202, 23 N. Y. Supp. 802. There seems to be sufficient evidence to sustain the finding by the justice of damages in the sum of $175, and there are no questions of law presented that require discussion.

The judgment is affirmed, with costs to the defendants. All concur.