BAUMGARTEN et al. v. ALLIANCE ASSUR. CO.

(Circuit Court, N. D. California. January 27, 1908.)

No. 14,234.

1. DAMAGES—EXEMPLARY DAMAGES—MALICIOUS BREACH OF CONTRACT.
    Civ. Code Cal. § 3294, provides that in an action for breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, plaintiff may recover exemplary damages. *Held* that, under such section, exemplary damages

could not be recovered for willful or malicious breach of insurance contracts sued on.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 193, 194, 203.].

2. INSURANCE—SETTLEMENT—DAMAGES IN ADDITION TO INTEREST.

Civ. Code Cal. § 3302, provides that the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon. *Held* that, under such section, insured could not recover damages in addition to interest for the insurer's alleged willful and fraudulent refusal to settle the loss, except by payment of 50 per cent. thereof in full.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1498.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

3. FRAUD—DECEIT—COMPLAINT.

A complaint in an action on an insurance policy alleging that defendant willfully and fraudulently, with intent to take advantage of plaintiffs' necessities, refused to pay more than 50 per cent. of its liability on plaintiffs' policies, whereby plaintiffs were greatly injured, etc., did not state a cause of action for fraud, deceit, undue influence, or duress, there being no allegation that defendant obtained anything of value by means of the acts complained of.

4. INSURANCE—PAYMENT—REFUSAL—WILLFUL BREACH OF CONTRACT.

Failure and refusal of an insurance company to settle the loss under plaintiffs' policies for more than 50 per cent. of the amount due thereon because of a willful desire on defendant's part to take advantage of plaintiffs' necessities for ready money wherewith to re-establish their business did not constitute a tort by reason of the fact that defendant's breach of contract was willful.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1498.]

5. DAMAGES—BREACH OF CONTRACT—INTENT.

The measure of damages for a breach of contract is the same whether the breach be by mistake, accident, inability to perform, or be willful and malicious.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 285, 286.]

6. INSURANCE—ACTION ON POLICY—PLEADING—COMPLAINT—NONPAYMENT.

In an action on certain policies, an allegation that defendant had refused to pay was not the equivalent of an allegation of nonpayment, and rendered the complaint defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1607.]

7. SAME—AMENDMENT.

Where an action on a policy alleged that defendant had refused to pay, instead of nonpayment, such defect could be cured by amendment which would be allowed on motion.

Bertin A. Weyl and Edward Lynch, for plaintiffs.
T. C. Van Ness, for defendant.

VAN FLEET, District Judge. The defendant moves to strike from the complaint certain paragraphs thereof as constituting redundant matter, and also demurs specially to the same matter as constituting no cause of action. The action is one to recover on certain policies of fire insurance, and, after making the averments usual in such an action, the complaint proceeds to set up the matter objected to, which, so far as material to be stated, is in substance that defendant refused to pay plaintiffs more than 50 per cent. on the dollar of their loss

under the policies sued on, and threatened that unless such payment was accepted within a certain time it would not pay anything on said loss, but that plaintiffs would be compelled to resort to the courts for relief, and that defendant intended to withdraw from the state and cease to do business therein; that defendant has, and at all times has had, property and available money sufficient to pay all of its obligations in full, including its liability to the plaintiffs, and that its refusal to pay the loss sustained by plaintiffs is not due to financial embarrassment nor to any other cause than the arbitrary decision of defendant not to pay more than 50 per cent. of such liability as hereinbefore stated; that plaintiffs were greatly injured financially by their loss in the destruction of their property, and by the acts of the defendant in so refusing to pay their loss under said policies, and "that the acts of defendant in refusing to pay said loss were willful and fraudulent, and were done solely with the desire to take advantage of the necessities" of plaintiffs "for ready money wherewith to re-establish their business." It is alleged that by reason of these facts plaintiffs were damaged in certain sums in addition to the amount of the policies.

It is somewhat difficult to understand the theory upon which the plaintiffs proceed in making the averments the substance of which is thus stated. If by the matter thus alleged it is sought or intended to recover exemplary damages for a willful or malicious breach of the contract sued on, such damages cannot be recovered, since the case is not one in which such relief may be had. Civ. Code Cal. § 3294. If it is intended thereby to lay a claim for damages for the mere non-payment of money due under the contract, above or in addition to interest, such damages cannot be recovered. Civ. Code Cal. § 3302; New Orleans Ins. Co. v. Piaggio, 16 Wall. (U. S.) 378, 21 L. Ed. 358; Loudon v. Taxing Dist., 104 U. S. 771, 26 L. Ed. 923.

If the theory of the plaintiffs is that the facts alleged show circumstances entitling the plaintiffs to damages in addition to interest for the breach of the contract, they are obviously not such as are contemplated by the parties; nor are they the proximate result of the breach. Savings Bank, etc., v. Asbury, 117 Cal. 96, 48 Pac. 1081. There may be cases where damages in addition to interest may be recovered for the breach of an obligation to pay money where it appears that the parties contemplated that the payment was for a certain purpose. Thus it has been held that damages may be recovered for the failure of a bank to honor a depositor's check. Patterson v. Marine National Bank, 130 Pa. 419, 18 Atl. 632, 17 Am. St. Rep. 781; Schaffner v. Ehrman, 139 Ill. 109, 28 N. E. 917, 15 L. R. A. 134, 32 Am. St. Rep. 192; Svendsen v. State Bank, 64 Minn. 40, 65 N. W. 1086, 31 L. R. A. 552, 58 Am. St. Rep. 522. The reason of this is the breach of the implied obligation of the bank to keep the depositor's credit good, and the consequent damage to his credit by the breach thereof. In such cases the bank is not liable because it willfully broke its contract, but simply because it broke it. Except in cases where exemplary damages are allowed, the motive of the defendant in committing the breach is immaterial. If defendant is liable for damages suffered by plaintiffs in being unable to re-establish their business, it would be equally liable whether it failed or refused to pay the money in good faith or

made such refusal from a malicious motive. Failure to perform a duty prescribed by contract cannot be converted into a tort by reason of the motive of the party guilty of the breach. The rule is correctly stated in Brown v. Chicago, etc., Ry. Co., 54 Wis. 342, 11 N. W. 356, 911, 41 Am. St. Rep. 41, where it is said:

"In such cases the willfulness of the party in refusing to fulfill does not in any way change the rule of damages. The rule as to damages in actions upon contract is the same whether the breach be by mistake, pure accident, or inability to perform it, or whether it be willful and malicious; the motives of the party breaking the contract are not to be inquired into."

I am satisfied, therefore, that these allegations subserve no material purpose in the pleading, and the motion to strike out must therefore be granted.

Defendant has also demurred to the complaint upon the ground that it is insufficient in that it does not allege nonpayment, but only that the defendant has refused to pay. This objection likewise is well taken. Grant v. Sheerin, 84 Cal. 197, 23 Pac. 1094; Scroufe v. Clay, 71 Cal. 123, 11 Pac. 882. As this last objection, however, is susceptible of being cured by amendment, and the plaintiffs have asked leave to amend in that respect, such amendment will be allowed.

The motion to strike out is granted, and the demurrer sustained, with leave to the plaintiffs to file an amended complaint within 10 days.