WAYNE W. KERVIN v. NEWS TRIBUNE COMPANY.[1]

June 21, 1929.

No. 27,424.

[1]Reported in 225 N. W. 906.

 

*Smythe & Lacy,* for appellant. .

*Baldwin, Baldwin, Holmes & Mayall,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order sustaining a demurrer to his complaint on the ground that the complaint fails to state facts sufficient to constitute a cause of action.

The plaintiff brought this action to recover damages for two alleged libels published by the defendant in its daily newspaper at Duluth. The complaint alleges that the plaintiff was engaged in collecting and exhibiting to the public pictures of notorious criminals who had been brought to justice, pictures and views of penal institutions, houses of correction, and instruments of execution used in carrying out capital punishment; that he had leased a storeroom in Duluth for a week and was therein engaged in exhibiting these pictures; that he made no charge for admission but depended on voluntary donations from people who viewed the exhibits. The two news articles claimed to be libelous are set out in full in the complaint. We need not recite them in full here. In substance these articles state that one Larson entered the exhibit room to view the pictures, and when he got up to leave discovered that his purse containing $53 had been stolen; that Larson made certain statements about the matter, among other things: "And that is a crime, not any particular degree, but an outrageous crime." It is further stated that Larson told the police chief about his loss, and that his report to the police resulted in the arrest of plaintiff on a charge of exhibiting indecent pictures.

That Larson was robbed of his purse and reported to the police and that plaintiff was arrested on the charge of exhibiting indecent pictures is admitted in the complaint. A third news item, not charged to be libelous, was published a few days later, stating that plaintiff had, upon hearing in court, been acquitted of the charge

of exhibiting indecent pictures and had been vindicated of the charges against him, and that there were no charges made that plaintiff, or anyone associated with him, had any connection with the robbing of Larson.

It is sought by extensive innuendo to give to the first two articles a defamatory and libelous meaning. The complaint stated that the defendant intended to and did directly and by implication charge the plaintiff with conducting said exhibit for the purpose of schooling and instructing in detail how to commit crime; that plaintiff was engaged in an unlawful occupation and was a criminal, robber and trickster, using such exhibit to entice people within the building for the purpose of robbing them or picking their pockets, or causing or participating in the same; that plaintiff was showing improper, indecent and unlawful pictures; that he was a confidence man, and a low, mean and contemptible person engaged in a shady, questionable and unlawful business; and that the publications were so understood by those reading them.

No further extrinsic facts are pleaded to sustain the innuendo. That Larson was robbed while in the exhibition room is admitted. There is no charge that plaintiff was in any way connected with or responsible for the robbery. Presumably other parties were in the room to view the exhibits or for other purposes at the time. The statements in the articles as to what business plaintiff was engaged in go no farther than the statements made by himself in his complaint. The account of plaintiff's arrest correctly states the charge upon which he was so arrested. While there are in the articles some more or less humorous references to the conduct and statements of Larson, we find nothing therein beyond legitimate news items in reference to plaintiff.

The court sustained the demurrer under the rule that, where a publication is not libelous per se, the complaint is insufficient unless it pleads extrinsic facts or circumstances showing that the publication was libelous in fact, citing Ten Broeck v. Journal Printing Co. 166 Minn. 173, 207 N. W. 497; Cleary v. Webster, 170 Minn. 420, 212 N. W. 898.

We agree with the trial court, and the order appealed from is affirmed.

DIBELL, J. took no part.

[1]Reported in 225 N. W. 916.