JAMES F. McLAUGHLIN, APPELLANT, v. F. W. WOOLWORTH COMPANY, APPELLEE.

FILED DECEMBER 13, 1933. No. 28685.

*J. J. Friedman* and *Harry B. Fleharty*, for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

RAPER, District Judge.

Action for libel brought by appellant (plaintiff below) in the first cause of action in his amended petition alleges that for more than 20 years he has been engaged in business as a news dealer, publisher and distributer of picture post cards of Omaha and vicinity, and has built up a remunerative patronage in the sale and distribution

of picture post card views to various stores, and in the course of such business established favorable trade relations with the firm of Curt-Teich Company, of Chicago, during a period of 25 years, said firm being in the business of printing and lithographing, and said firm was plaintiff's sole source of supply for said post card views; that Curt-Teich Company allowed considerable credit and continued during all said time to supply plaintiff's needs and such as his customers required. Plaintiff further alleges that on or about October 14, 1930, the defendant F. W. Woolworth Company, acting through its managing agent at Minneapolis, Minnesota, wrote to the Curt-Teich Company a letter, as follows:

"The superintendent of the Omaha stores, also manager of Store No. 29, Omaha, Nebraska, advises that they have been buying their view cards from a local concern, and that the assortment is not as large and complete as it should be, owing to the fact that the man from whom they are buying them is not financially able to put in this assortment. In other words, he is not able to keep the stores supplied with the newer views that are in demand. The Omaha stores are also unable to buy folders, and we believe that it is best that our stores buy direct. We would appreciate it very much if you would send a representative to Omaha in the very near future to interview the managers of our stores No. 29 and No. 1441, so they may select views, which they feel will be in demand. In this way, they can place orders for their 1931 requirements. Yours very truly,

"F. W. Woolworth Co.,
"By A. C. Swedlund."

Plaintiff avers that by the letter the defendant company was referring to plaintiff as the "local concern" mentioned; that said Curtis-Teich Company had in its possession all of the plates made by plaintiff, said plates being views of various business houses, places and parks in Omaha and vicinity, and was supplying plaintiff with his

requirements of such post cards; that from. the time said letter was received by the Curt-Teich Company, its attitude towards plaintiff changed, and it began to make insistent demands for the balance of plaintiff's account, which it had not before been demanding, and shortly thereafter said company discontinued supplying the post card views to plaintiff, and placed the business that plaintiff formerly handled with another concern, or directly with defendant, to plaintiff's great loss of profit.

In the second cause of action plaintiff alleges that the defendant knew that it would take from one to one and a half years to. take new views and develop a new and complete line of such post card views, and that plaintiff would be unable to supply his local trade; that the defendant by the writing of said letter wrongfully and maliciously interfered with plaintiff's established business relations with the Curt-Teich Company, and the defendant company being a large and influential chain store with many stores all over the United States sought to and did use its purchasing power to ruin the business of plaintiff, and that the Curt-Teich Company discontinued its business with plaintiff after the receipt of said letter, and by reason of the contents of said letter the plaintiff lost a great portion of his business and trade in picture post card views, to his damage. No special damage is pleaded.

To this petition the defendant interposed a general demurrer, which the court sustained, and dismissed plaintiff's petition. Plaintiff appeals.

The petition does not allege that plaintiff had an exclusive contract for his dealings in the post card views with either the Curt-Teich Company or the defendant. Each company could buy from or sell to whomsoever it desired. Nor does he plead that he was able to supply defendant with the newer post card views and folders which defendant might desire to purchase, but this may be of not much moment. The appellant asserts that this letter is libelous *per se*, which he bases largely upon the phrase "that the man from whom they are buying them is not financially able to put in this assortment." This

is modified to some extent by the next sentence in the letter, which reads: "In other words, he is not able to keep the stores supplied with the newer views that are in demand."

It is stated in appellee's brief, but is not contained in the record, that the trial judge, in a written memorandum sustaining the demurrer, said: "I am of the opinion that the language of that part of the letter quoted in the petition is not libelous. It casts no reflection, as I view it, upon the solvency or integrity of the plaintiff, nor does it imply inability to meet his financial obligations. It merely states that the assortment carried in stock by him is not as complete as defendant would wish it to be for the purpose of making its selections, owing to the fact that the one from whom they have been making their purchases is not financially able to carry such an assortment."

We have no statutory definition of libel in this state. As applied to libel of one in his business or occupation, it is elementary in the law of libel and slander that defamatory words falsely spoken (or written) of a party which prejudice such party in his occupation or trade are actionable *per se*. *Pollard v. Lyon*, 91 U. S. 225, 23 L. Ed. 308. Newell on Slander and Libel (4th ed.) secs. 150, 152, states these rules as to what may constitute libel *per se*. The law guards most carefully the credit of all merchants and traders. Any imputation on their solvency, any suggestion that they are in pecuniary difficulties, is therefore actionable; also where any language is used of merchants and tradesmen which imputes a want of credit or responsibility or insolvency, or of common honesty. To the same effect is the text in 36 C. J. 1190, 1191.

Tested by the rules above announced, it is clear that the letter contains nothing of a defamatory, prejudicial nature against the plaintiff or his business. It cast no reflection or imputation upon plaintiff's solvency, nor suggested that he was in any pecuniary difficulties, nor that his credit was poor, nor that he had been guilty

of fraud, nor that he was unable to meet his financial obligations, nor any statement that he had a want of integrity or common honesty. There is no statement in the letter that can be construed in any way to cause the Curt-Teich Company to become doubtful of plaintiff's financial condition or business ability or honesty. Without some such defamatory statement concerning a tradesman or his business, a writing is not libelous *per se*.

Plaintiff cites several cases to support his theory, but an examination discloses that, in each case, one or more of the defamatory statements or elements announced above are contained in the alleged libel, and it will serve no purpose in reviewing these cases.

The action of the trial judge in sustaining the demurrer is right, and the judgment is

AFFIRMED.