## E. I. ECHTERNACHT v. JOHN L. KING AND ANOTHER.[1]

March 22, 1935.

No. 30,239.

[1]Reported in 259 N. W. 684.

*Kelly, Berglund & Johnson,* for appellant.
*E. H. Nicholas,* for respondents.

HILTON, JUSTICE.

Plaintiff appeals from an order sustaining the demurrer of defendants to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action for libel.

The complaint recites that some time prior to August 17, 1933, plaintiff with several other citizens of Jackson county, Minnesota, petitioned the governor for the removal of B. E. Grottum as county attorney because of nonfeasance and malfeasance in the performance of his official duties. The charges against the county attorney were that he had failed to investigate or prosecute several of the local officials and that he had failed to prosecute other persons guilty of crimes. The governor dismissed the petition. The first cause of action is predicated upon a publication appearing in an issue of defendants' newspaper on or about August 17, 1933. Plaintiff demanded a retraction only as to the following claimed false and defamatory matter:

"Another promised sensation, hatched in the minds of a few trouble makers, has blown up, and again the taxpayers of Jackson County will be allowed to receive the continued service of an honest and capable county official."

The second cause of action is based upon a publication of August 17, 1933, as follows:

"As a result of a warrant sworn out by E. B. Dewees of Alpha, E. I. Echternacht of the same village, was hailed into the justice

court of W. P. King in this city, Tuesday afternoon, charged with using abusive language.

"When brought into court, Echternacht offered a plea of not guilty, and Justice of the Peace King set the time for his trial for Tuesday, August 22nd. Echternacht furnished a bond of $500 for his appearance on that date.

"The present trouble Echternacht is now facing, we understand, came about when he visited the farm owned by Mr. Dewees and tenanted by E. H. Bruce. In an altercation in which a load of oats was involved, Echternacht grew abusive, using very strong language, finally ending up by choking Dewees, who is an aged gentleman and of small stature.

"Reports received from Alpha are to the effect that Echternacht seems to have a grudge against the world in general. He recently sponsored a petition asking that County Attorney B. E. Grottum be removed from office. He has repeatedly been in trouble with Alpha village officials, and now seems to have started out to war against his neighbors."

Demand for retraction was made only as to the following language:

"Reports received from Alpha are to the effect that Echternacht seems to have a grudge against the world in general. He has repeatedly been in trouble with Alpha village officials, and now seems to have started out to war against his neighbors."

In each cause of action plaintiff alleged $5,000 as and for general damages for injury suffered "in his reputation and to his person," and for special damages alleged as follows:

"That at the time of such publication plaintiff was a farmer and as such traded and dealt with the merchants of Jackson County and bought and sold goods, merchandise and such products in said county and he dealt with his neighbors in trading and renting of lands and in selling and trading with them. And by reason of such publication this plaintiff has suffered special damages in loss of trade with merchants and neighbors in the sum of $200."

There was no retraction made by defendants as demanded, and for a cause of action for general damages plaintiff must rely upon the portions of the claimed libelous matter for which retraction was demanded. 2 Mason Minn. St. 1927, § 9397, provides:

"In an action for damages for the publication of a libel in a newspaper, the plaintiff shall recover no more than special damages, unless a retraction be demanded and refused as hereinafter provided. He shall serve upon the publisher at the principal place of publication, a notice, specifying the statements claimed to be libelous, and requesting that the same be withdrawn."

It is plain that neither of the two articles for which retraction was demanded is libelous *per se.* The statements made therein are not, as they must be, "clearly defamatory on their face." Pratt v. Pioneer Press Co. 30 Minn. 41, 43, 14 N. W. 62; Ten `Broeck v. Journal Printing Co. 166 Minn. 173, 207 N. W. 497. It was therefore necessary that plaintiff allege extrinsic circumstances which would show the publications to be libelous in fact. Cleary v. Webster, 170 Minn. 420, 212 N. W. 898, 899. This plaintiff attempted to do in his amended complaint. In the first cause of action, by innuendo, he construes the language used as follows:

"Another promised sensation (meaning a promise that B. E. Grottum would be proved unfit for public office as county attorney of Jackson County, Minnesota), hatched in the minds of a few trouble makers (meaning that this plaintiff and others had without foundation of fact deliberately planned to discredit and seek the removal of B. E. Grottum as county attorney merely for the purpose of making trouble and doing harm and committing a nuisance), has blown up (meaning that there was no element of truth in the accusations of the plaintiff and others, and that the said charges were false and unfounded)."

Upon the article concerned in the second cause of action plaintiff places the following construction: ·

"* * * it was understood by its readers to imply, by the words 'that Echternacht seems to have a grudge against the world

in general,' that he is an obstinate, uncoöperative person who can get along with no one and who is always seeking a quarrel with everyone. That with the words 'now seems to have started out to war against his neighbors,' it is intended to imply, and was so understood by its readers, that this plaintiff cannot get along with his neighbors and that he can have no peace with any of them, and that those who know him best find that he is a person not fit or worthy to associate with and that he is unrelenting and disagreeable,   *   *   *."

Respondents claim, and we think rightly so, that the construction placed by plaintiff upon the language used in the publications is strained, unnatural, and unreasonable and that therefore the demurrer was properly sustained as to general damages. In Cleary v. Webster, 170 Minn. 420, 422, 212 N. W. 898, it is stated:

"On demurrer to a complaint for libel, where the publication is not libelous *per se* and it is necessary in consequence to allege by way of inducement or innuendo the extrinsic facts and resulting construction which make for libel in fact, it is for the court to 'inquire whether the innuendo is warranted by the language used, considered in connection with the other facts to which it relates, and if not found to be warranted, the demurrer will be sustained.' 37 C. J. 52. 'The quality of an alleged libel, as it stands on the record, either simply, or as explained by averments and innuendoes, is purely a question of law for the court.' "

In the same opinion (p. 424) it is stated:

"Language otherwise innocent cannot be converted into libel by innuendo giving it a forced and unnatural construction."

If the allegations with respect to special damages are sufficient to admit proof thereof, and assuming that the publications were false and malicious as charged, then the complaint states a cause of action for such damages. The statute hereinbefore cited providing for retraction does not affect the recovery of special damages, but only the recovery of general damages. See cases cited in 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1934) § 5537. A general allega-

tion of loss of trade is in ordinary cases sufficient where the injury complained of from a libel is such loss. Landon v. Watkins, 61 Minn. 137, 63 N. W. 615. But where, as here, the gist of the action is for damages for injury to reputation, the plaintiff if he wishes to prove special damages for loss of trade must set out particular instances of such loss. Plaintiff here was not a tradesman, within the usual meaning of that term, nor did the alleged libelous statements refer to his business or to his integrity in such capacity. The damages alleged were not such as are reasonably or naturally likely to result from the act complained of, and so implied by law, but are of the kind that if sustained at all had actually occurred. In order to prevent a surprise on a defendant the plaintiff is required to state particular instances of loss which he has sustained. Newell, Slander & Libel, §§ 556, 751, 753, 754, 755, 757; 52 A. L. R. p. 1187, *et seq.;* Shaw Cleaners & Dyers, Inc. v. Des Moines Dress Club, 215 Iowa, 1130, 245 N. W. 231. The allegations with respect to special damages are altogether too general to admit proof thereof.

Affirmed.

