NICK MARUDAS AND ANOTHER v. ED ODEGARD.[1]

June 11, 1943.

No. 33,416.

[1]Reported in 10 N. W. (2d) 233.

*Doane & Hengel,* for appellant.
*Henry G. Young,* for respondents.

LORING, JUSTICE.

This is an appeal from an order of the district court overruling a demurrer to the complaint in a libel suit.

The complaint alleges that both plaintiff and defendant are automobile dealers in the village of Milaca and that defendant caused to be printed in a local newspaper an article the material portion of which is as follows:

· "TO ALL OWNERS OF GENERAL MOTORS CARS IN OUR TERRITORY

"The service department of the Chevrolet Garage being closed and the Pontiac shop soon to follow, we have made arrangements with General Motors to be supplied with genuine G. M. parts that we may service your car for the duration."

The plaintiffs were the operators of the Chevrolet Garage. By innuendo it was alleged that by these words defendant maliciously intended to "blacken" plaintiffs' reputation and destroy their business and meant that plaintiffs were insolvent and were so understood by plaintiffs' customers.

■ It is well settled that any imputation of insolvency to a merchant or businessman is actionable without allegation of special damages, and, while the law guards most carefully the credit of businessmen, which is a necessary and invaluable asset in the business world, and will presume damage from any imputation on their solvency, or any suggestion that they are in financial difficulties which would tend to impair it, nevertheless "it is a familiar rule of the law of libel and slander that the sense of words cannot be enlarged by mere innuendo." McDermott v. Union Credit Co. 76 Minn. 84, 86, 78 N. W. 967, 968, 79 N. W. 673.[2]  It is for the court

[2]Svendsen v. State Bank of Duluth, 64 Minn. 40, 65 N. W. 1086, 31 L. R. A. 552, 58 A. S. R. 522; Newell v. How, 31 Minn. 235, 17 N. W. 383; McLaughlin v. F. W. Woolworth Co. 125 Neb. 684, 251 N. W. 293; Newell, Slander and Libel (4 ed.) p. 184, § 150.

to determine whether the construction of the language put forward by the innuendo is permissible. Cleary v. Webster, 170 Minn. 420, 212 N. W. 898; Echternacht v. King, 194 Minn. 92, 96, 259 N. W. 684; 4 Dunnell, Dig. & Supp. § 5539.

The question then resolves itself into this: Can the words "The service department of the Chevrolet Garage being closed" in their ordinary meaning and construction be understood to mean that plaintiffs were in financial difficulties and were closing the service department of the garage for that reason? It is alleged that these words were published on June 18, 1942. This country had then been at war for over seven months. This court takes judicial notice that the impact of war economy had then effected drastic changes in the business world and particularly in the automobile business. Automobile manufacturers, together with almost all other mechanical manufacturers, had converted their facilities and energies to war production or were in the process of so doing. New automobiles were not for sale except under rationing regulations. There had been a man-power shortage even at that time, and a shortage of nearly all mechanical appliances for civilian use. These factors had caused thousands of businesses to close or convert themselves to war production without regard to their financial condition. Retail automobile dealers and garages were no exception. In view of these well known facts, it does not seem that a statement that a retail automobile dealer had closed his service department, without more, could reasonably be construed to mean that the dealer was in financial difficulties.

The words here charged as defamatory are not so upon their face. We hold that the innuendo of insolvency or financial embarrassment is not warranted by the language used. Therefore the complaint cannot be sustained as stating a cause of action for defamation.

However, it is alleged that the published statement was false and malicious; that it was calculated to and did injure plaintiffs' business, to their damage. This constitutes a cause of action, not for defamation, but for malicious wrong or malicious injury. Kee

v. Armstrong, Byrd & Co. 75 Okl. 84, 86, 182 P. 494, 5 A. L. R. 1349. It is in the nature of a common-law "action on the case."

In American Ins. Co. v. France, 111 Ill. App. 382, 383, it was alleged that the insurance company "had quit or gone out of the farm insurance business." The court held that where a false imputation is made for the express purpose of injuring the business of another and where injury results, an action will lie, notwithstanding the words that were spoken were not in themselves defamatory. To the same effect, see Morasse v. Brochu, 151 Mass. 567, 25 N. E. 74, 21 A. S. R. 474, 8 L. R. A. 524, where the court said the name of the action was of no consequence.

"If the words are not in their nature defamatory, that is, if they have not injured the reputation of any one, no action of libel or slander will lie, however maliciously they were published. But if the defendant maliciously intended to injure the plaintiff by his words and succeeded in his malicious intent, and damage to the plaintiff was the direct result of the defendant's words, an action on the case will lie, whatever the nature of the words, provided they are untrue." Odgers, Libel and Slander (6 ed.), p. 65.

See also Newell, Slander and Libel (4 ed.) pp. 825, 826, § 736.

The case of Ratcliffe v. Evans [1892] 2 Q. B. D. 524, 525, [1892] 61 L. J. Q. B. D. 535, is similar to the case at bar. There the words, published in a newspaper, "imported that the plaintiff had ceased to carry on his business of engineer and boiler-maker, and that the firm of Ratcliffe & Sons did not then exist." This was treated in the pleadings as a defamatory statement but at the trial was amended to an action on the case for injury to the business and lost profits. In considering the question, Bowen, L. J., said (2 Q. B. D. 527):

"That an action will lie for written or oral falsehoods, not actionable per se nor even defamatory, where they are maliciously published, where they are calculated in the ordinary course of things to produce, and where they do produce, actual damage, is established law. Such an action is not one of libel or of slander, but

an action on the case for damage wilfully and intentionally done without just occasion or excuse, analogous to an action for slander of title."

■ In this state an allegation of general damage to business is sufficient to admit evidence of loss of trade. Landon v. Watkins, 61 Minn. 137, 63 N. W. 615.

Although not stating a cause of action for libel, the complaint sufficiently states a cause of action for malicious injury to plaintiffs' business. The demurrer was properly overruled.

Affirmed.

