## INDEPENDENT GROCERY COMPANY v. THE SUN INSURANCE COMPANY AND ANOTHER.

### THE SUN INSURANCE COMPANY, APPELLANT.[1]

June 25, 1920.

No. 21,842.

**Breach of contract — recovery for such loss as follows naturally from the breach.**

1. The general rule of damages for the breach of contract limits the rights of the complaining party to such loss as results naturally and proximately from the breach, or such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered into.

**Same — measure of damages the same even when breach is malicious.**

2. The motives prompting the breach are immaterial, and, however malicious or wrongful, the measure of compensation remains the same.

**Tort — measure of damages.**

3. The rule is different in tort actions.

**Pleading — complaint construed — malicious delay in adjusting insurance loss.**

4. Complaint construed and *held* to present a cause of action for breach of contract, not in tort, and that the items of damage claimed for the malicious and wrongful delay of defendants in adjusting the insurance loss complained of do not come within the rule of damages in such cases and cannot be recovered.

[1]Reported in 178 N. W. 582.

Action in the district court for Waseca county to recover $2,900. The substance of the complaint is stated in the paragraphs at the beginning of the opinion. Defendants' separate demurrers to the complaint were overruled, Childress, J., and the question presented by the demurrers certified to the supreme court as important and doubtful. From the orders overruling the demurrers, Childress, J., defendants took separate appeals. Reversed.

*George B. Leonard* and *J. H. Sapiro,* for appellants.

*Moonan & Moonan,* for respondent.

BROWN, C. J.

Defendants interposed separate demurrers to the complaint, which the trial court overruled, certifying that the question thereby presented was important and doubtful, and defendants appealed.

The complaint alleges the following facts: Plaintiffs are copartners and during the times stated therein were engaged in the retail grocery trade in the village of North Mankato, the good-will whereof was of the value of $1,000; that on the second day of April, 1918, defendant Sun Insurance Office issued to plaintiffs a policy of insurance in the sum of $1,500, covering the stock of goods and the building wherein the business was carried on and conducted; that on the second day of November, 1918, a like insurance policy was issued to plaintiffs by the other defendant covering the same property; that on the twenty-fourth day of April, 1919, plaintiffs suffered a loss by fire and the insured property was thereby damaged to the extent of over $1,600; notice of the loss was duly given to each company, and, under instructions from their representative and adjuster, plaintiffs closed their place of business to facilitate an examination into the nature and extent of the loss; that defendants subsequently offered to pay plaintiffs in full for the damage suffered the sum of $450, which plaintiffs refused to accept; thereafter further negotations resulted in a settlement by which defendants agreed to pay the sum of $1,100, in full discharge of their liability; this plaintiffs agreed to accept.

The complaint further alleges that notwithstanding the settlement defendants delayed and refused to pay the amount agreed upon, and

paid the same only after plaintiffs had been compelled to bring suit to recover the same; it was then paid and the payment was accepted by plaintiffs.

The complaint also alleges that the delay in the settlement and payment of the loss was ruinous to plaintiffs' business and the good-will thereof; that to maintain the same and to hold their former trade an immediate resumption of the business was necessary; that they needed the insurance money to pay the demands of pressing creditors, as defendants well knew; that defendants wrongfully detained the possession of the store building after the fire an unreasonable time and until plaintiffs' patrons had turned elsewhere and the good-will of the busi-·ness had been lost.

All and singular of which, the delay in the adjustment and payment of the loss and the other acts of alleged wrongdoing, the complaint alleges were wilful and malicious and with the view on defendants' part to inflict loss and injury to plaintiffs, and to ruin and destroy their said grocery business, with full knowledge that their conduct· would have that result and effect, to their damage in the sum of $2,900 for which they demand judgment.

The importance of the question presented in a measure at least is found in the unusual character of the suit, and the courage with which it stands forth in challenge of established rules of law controlling rights and liabilities in actions involving breach of contract obligations. Though the complaint abounds in allegations and charges of malice and intentional wrongdoing on the part of defendants, the action is not one in tort, but one for the recovery of damages for a breach of the contract, and the rule of liability in actions of that kind must control the rights of the parties. Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. Rep. 55; North v. Johnson, 58 Minn. 242, 59 N. W. 1012; Francis v. Western Union Tel. Co. 58 Minn. 252, 59 N. W. 1078, 25 L.R.A. 406, 49 Am. St. 507; City of East Grand Forks v. Steele, 121 Minn. 296, 141 N. W. 181, 45 L.R.A.(N.S.) 205, Ann. Cas. 1914C, 720. And the real question in the case, on the facts alleged, is whether the wilful and malicious delay by defendants in the adjustment and payment of the insurance loss, the amount of which

was paid before the commencement of this action, entitles plaintiffs to damages in the respects stated in the complaint. We answer the question in the negative.

The general rule of damages for the breach of contract obligations is well settled law in this state. It limits the rights of the complaining party to compensation for such loss as results naturally and proximately from the breach, or such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered into. 1 Dunnell, Minn. Dig. § 2559; Paine v. Sherwood, 21 Minn. 225; Wilson v. Reedy, 32 Minn. 256, 20 N. W. 153. The facts presented do not bring the case within the rule. Neither the loss of trade nor the inability of plaintiffs to pay their creditors, or even that they were likely to have creditors in the event of a destruction of the insured property by fire, or the loss of the good-will of the business, flowed naturally or proximately from the delay of defendants in adjusting and paying the loss; nor can it be said that the financial condition and business situation of plaintiffs as pictured by the complaint were within the contemplation of the parties when the contract was entered into. Those facts therefore furnish no basis for the recovery of damages, for as to the breach of the contract, whether malicious or not, plaintiffs' recovery, within the rule stated, must be limited to the amount of the legal liability under the policy with interest. Talcott v. Marston, 3 Minn. 238 (339); 8 R. C. L. 463, and citations. The items claimed are entirely too remote. O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601, 39 Am. St. 615; Baumgarten v. Alliance Assur. Co. 159 Fed. 275.

The motives prompting the breach of a contract are immaterial, so far as the rule of damages is concerned, and, however malicious or wrongful, the measure of compensation remains the same. North v. Johnson, 58 Minn. 242, 59 N. W. 1012; 1 Sutherland, Dam. § 99. That is settled law, with few exceptions referred to in Beaulieu v. Great Northern Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L.R.A. (N.S.) 564, 14 Ann. Cas. 462, and not here material, in all jurisdictions of this country except where the so-called "Texas doctrine" is followed, under which damages may be had as in tort actions for the breach of

a contract promptly to transmit and deliver a telegraphic message. But that doctrine, though by analogy it supports this action, has been rejected in this state. Francis v. Western Union Tel. Co. 58 Minn. 252, 59 N. W. 1078, 25 L.R.A. 406, 49 Am. St. 507; Beaulieu v. Great Northern Ry. Co. supra. We early adopted the rule of Hadley v. Baxendale, 9 Exch. 341, and it has since been followed. 1 Dunnell, Minn. Dig. § 2559.

The action is wholly unlike Tuttle v. Buck, 107 Minn. 145, 119 N. W. 946, 22 L.R.A.(N.S.) 599, 131 Am. St. 446, 16 Ann. Cas. 807, and kindred cases cited by plaintiff. That was an action in tort, pure and simple, and bore no relation whatever to contractual rights. The rule as to such actions is quite different from that applied in breach of contract cases. 1 Dunnell, Minn. Dig. § 2562.

It follows that the complaint fails to state a cause of action and the demurrer should have been sustained.

Order reversed.