**J. E. HANGER, Inc., OF WASHINGTON, D. C., v. FITZSIMMONS.**

**FITZSIMMONS v. J. E. HANGER, Inc., OF WASHINGTON, D. C.**

(Court of Appeals of District of Columbia. Submitted April 4, 1921. Decided May 2, 1921.)

. Nos. 3468, 3469.

1. **Master and servant ⬯20—Employment not specifying duration terminable at will.**

    A contract of employment of a sales agent, in which there is no express or implied provision as to its duration, is terminable at the will of either party.

2. **Evidence ⬯461(1)—Acts before and after signing of contract, showing construction of its terms, are admissible.**

    In an action for breach of a contract of employment of a sales agent to represent a corporation in a foreign country under the direction of its authorized representative, evidence that the company delayed signing the contract until the person who was to accompany the agent could be present, and correspondence after the signing of the contract showing the construction of the parties that such person was to be the com-

pany's authorized representative, was admissible to aid in construing the contract; the effect of such evidence not being to vary the contract's terms.

**3. Contracts ⚖➞131—Employing agent to sell goods and procure loan from foreign country held valid.**

A contract employing an agent to sell a company's goods in a foreign country and to procure a loan from that country, if possible, in which there was no intimation that any influence, except legitimate salesmanship, was to be exerted, is not void as against public policy.

Smyth, Chief Justice, dissenting in part.

Appeal from the Supreme Court of the District of Columbia.

Action by Ralph E. Fitzsimmons against J. E. Hanger, Incorporated, of Washington, D. C. From a judgment for plaintiff on the second count, after the first count was withdrawn from the consideration of the jury, both parties appeal. Judgment affirmed on each appeal.

Milton W. King, Theodore D. Peyser, and L. Koenigsberger, all of Washington, D. C., for plaintiff.

J. S. Easby-Smith and Ralph B. Fleharty, both of Washington, D. C., for defendant.

ROBB, Associate Justice. Fitzsimmons, appellee in No. 3468 and appellant in No. 3469, brought suit in the court below against J. E. Hanger, Incorporated, appellant in No. 3468 and appellee in No. 3469; the declaration being in two counts, the first of which was for the recovery of loss of profits and commissions that might have been earned under the contract alleged to have been breached by the corporation, and the second count for expenses and reasonable compensation between the date of the contract and its alleged breach by the corporation. The court withdrew from the consideration of the jury the first count, but permitted a recovery on the second count.

The contract is in writing and in substance provides, as stated in the brief for Fitzsimmons, "for the employment of the plaintiff" as agent of the corporation to sell to the Russian government or others artificial limbs manufactured by the corporation; compensation being dependent upon the securing of a contract or loan from the government of Russia or orders from any source "in the Russian empire." The contract does not specify the time during which it shall continue.

In this contract it is provided that the agent must devote his entire time to the interests of the manufacturer, under its direction "or its authorized representative in Russia." It appears that prior to the signing of this contract the corporation telegraphed Fitzsimmons, delaying "final conclusion on account absence from city for a few days of the party who would be expected to make the trip to Russia in the event the deal [contract] is closed." The party mentioned in this telegram was a Mr. Thomas, who was present when the contract was entered into. Over the objection and exception of the corporation, there was introduced in evidence correspondence following the signing of the contract, which clearly showed that the understanding of the parties as to the meaning of the contract was that Thomas should accom-

pany Fitzsimmons to Russia as the corporation's "authorized representative" there. The correspondence further showed that arrangements were completed by Fitzsimmons, with the concurrence of the corporation, for the passage to Russia of Thomas and himself. Thomas, who was an expert in fitting artificial limbs, had prepared to take with him to Russia several crates of artificial limbs, together with tools and materials "for doing necessary work in adjusting and fitting legs to prospective persons." Finally the corporation notified Fitzsimmons that Thomas was at their headquarters and would "be ready to sail on 29th" (July). Fitzsimmons arranged for the passage, but Thomas did not appear, and Fitzsimmons was compelled to pay '10 per cent. of the amount of the passage money. After sending several telegrams and a letter to the corporation, Fitzsimmons finally received a letter from it, advising him that "Thomas had absolutely refused to go to Russia" and that the corporation had "no other man available for this mission." The letter also stated that the corporation was willing to supply whatever was reasonable in the way of models, measuring outfits, etc., and was "entirely willing to be governed by the terms of our agreement with you."

[1] This being a contract of employment, in which there is no express or implied provision as to its duration, we agree with the trial court that it was terminable at the will of either party. McCullough v. Carpenter, 67 Md. 554, 11 Atl. 176; Staroske v. Pulitzer Publishing Co., 235 Mo. 67, 138 S. W. 36, and Kirk v. Hartman, 63 Pa. 97. It results that the action of the court in withdrawing from the jury the first count of the declaration was correct.

[2] Of the three assignments of error by the corporation, the first and third challenge the action of the trial court in admitting evidence as to Thomas. While, of course, preliminary negotiations are merged in the contract itself, they may, as in this case, tend to enlighten the court as to the sense in which the parties understood the terms employed in the contract. The letter preceding that instrument, wherein the corporation delayed the interview at which the contract was made "until the party who would be expected to make the trip to Russia" as the representative of the corporation could be present, does not contradict or vary the terms of the contract but tends to elucidate its provisions. The correspondence subsequent to the contract, similarly, is in entire harmony with its provisions, and furnishes the best evidence as to the meaning placed upon it by the parties themselves while their relations were harmonious. This contemporary construction placed upon the contract by both parties, therefore, was properly received in evidence.

[3] The second and remaining assignment of error challenges the action of the trial court in submitting the second count of the declaration to the jury; the contention being that the contract is contrary to public policy. We think counsel have misconceived the scope of Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539, cited by them. There an attempt was made, by an official of a foreign government, to recover upon a contract for the personal influence of that official with another official of his government. The court characterized that con-

tract as corrupt in its origin and tendencies. Here, however, the contract on its face is legitimate and free from all taint or suspicion, for it simply provides for the services of an agent, and the evidence is in harmony with the terms of the contract. Certainly there was nothing sinister in agreeing to represent a corporation in the sale of artificial limbs, and the alternative proposition as to securing a loan was to be in furtherance of the same design. The only influence contemplated by the contract was the proper influence of a salesman.

Finding no merit in the contentions of the corporation as to the second count of the declaration, it results that the action of the trial court with respect to it must be accepted.

The judgment in each case will be affirmed; costs to be divided equally between the parties.

Affirmed.

NOTE.—Mr. Chief Justice SMYTH dissents as to No. 3468, and concurs in No. 3469.