# OLE SWANSON v. FIRST NATIONAL BANK OF BARNUM AND ANOTHER.[1]

December 24, 1931.

No. 28,671.

*Jenswold, Jenswold & Dahle,* for appellant.

*C. J. Dodge,* for respondent.

[1]Reported in 239 N. W. 900.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial.

Plaintiff is the owner of a farm of 80 acres in Carlton county in this state and lives thereon. The farm was encumbered by a first mortgage of $1,200 and a second mortgage of some $500. In July, 1928, he desired to raise money to build a barn and procured one Paulson to make him a loan of $2,500, to be secured by a new first mortgage on the farm. The proceeds of the new mortgage were to be used to pay up the two existing mortgages, and the balance, less expenses of making the loan and some advance interest or bonus to the holder of the $1,200 mortgage not yet due, was to be paid to plaintiff for use in building the barn. The defendant bank, by its cashier, made out the necessary papers. Paulson paid over to the bank the $2,500, and the bank agreed to pay out therefrom the two prior mortgages, obtain and record satisfactions thereof, deduct the expenses, and pay over the balance to plaintiff. The amount to be paid out was figured up, and the balance coming to plaintiff was then or thereafter paid to him. The bank carried out its agreement, except that it failed to pay the $1,200 mortgage and to obtain the satisfaction thereof until in June, 1930, as hereinafter stated. This mortgage became due in February, 1929. In June, 1930, the holder of the mortgage, not the bank, commenced foreclosure and caused to be published in a newspaper in Carlton county a notice of foreclosure by advertisement. The cashier of the bank saw this published notice and drove out to plaintiff's farm and informed him thereof. He stated to plaintiff that he would look it up and take care of it right away and for plaintiff not to worry. The bank then paid the mortgage and any expense incurred by the holder thereof, and obtained and placed on record a satisfaction thereof.

In his complaint plaintiff alleges:

"That in violation of the agreement between the parties hereto, the defendants wholly failed to cause said $1,200.00 mortgage to be satisfied or to pay the assignee thereof the amount thereof, but, on information and belief, plaintiff alleges that said defendants con-

verted said funds so derived from the sale of the new mortgage to their own use and benefit."

As already noted, there was no sale of the new mortgage, but that is not important.

On the ground so alleged plaintiff brought this action to recover $5,000 as general damages and $100 as special damages for loss of time and expenses claimed to have been incurred by him in making trips to the county seat, looking up records, and consulting an attorney in the matter. He offered, on the question of general damages, to prove generally that after the publication of the foreclosure notice he had difficulty in obtaining credit; that many persons spoke to him about his farm being foreclosed; and that he suffered extreme worry by reason of his uncertainty as to whether the mortgage was in fact foreclosed. The court sustained objections to this offer of proof and excluded evidence thereunder. It directed the jury to return a verdict in plaintiff's favor for the $100 claimed as special damages, and no more. It thus excluded from consideration by the jury any question as to damages to plaintiff's credit standing and any damages for worry or mental suffering.

The question presented is whether the court erred in refusing to receive the evidence offered to prove injury to plaintiff's credit standing and to his feelings. As to the injury to his credit, the offer of proof was probably insufficient in that it did not allege that plaintiff was refused credit by anyone or that he suffered any financial loss by reason thereof.

■ Plaintiff invokes the rule applied in cases where a bank has been held liable for damages for wrongful refusal to pay a check drawn upon the bank and for wrongfully protesting a check. Svendsen v. State Bank, 64 Minn. 40, 65 N. W. 1086, 31 L. R. A. 552, 58 A. S. R. 522; Peabody v. Citizens State Bank, 98 Minn. 302, 108 N. W. 272; Geibe v. Chicago Lake State Bank, 160 Minn. 89, 199 N. W. 514. That rule does not apply to the facts in the present case. Where a check is given by one person to another, the presumption is that the payee or holder has given value for the check; and, when payment is refused, the inference arises that the maker

has given a check upon a bank in which he has not sufficient funds for the payment thereof, or that he has obtained money or property by means of a worthless check. An inference of dishonesty or crime on the part of the maker of the check could readily be drawn. Here there was no check and no refusal of payment. The same inferences could not reasonably follow.

■ Some claim is made that the publication of the foreclosure notice was in the nature of a libel and a reflection on plaintiff's character and honesty. The notice does not permit such an interpretation. It simply set out the failure to pay the mortgage debt. Failure to pay a mortgage debt does not impute either dishonesty or crime. It may result from inability to pay or from any one of a number of other causes. The notice is not libelous per se.

■ We agree with the trial court that the action is one for breach of contract. Without alleging and proving the agreement by the bank to pay and obtain satisfaction of the mortgage, no recovery could be had. In actions for breach of contract, it is only in exceptional cases that damages for injury to reputation or for mental suffering can be recovered. The present case does not come within any of the exceptions. The subject is exhaustively treated in Francis. v. Western Union Tel. Co. 58 Minn. 252, 59 N. W. 1078, 25 L. R. A. 406, 49 A. S. R. 507; Beaulieu v. G. N. Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L.R.A.(N.S.) 564, 14 Ann. Cas. 462; Independent Grocery Co. v. Sun Ins. Co. 146 Minn. 214, 178 N. W. 582; Reinkey v. Findley Elec. Co. 147 Minn. 161, 180 N. W. 236.

There was in the present case no actual or threatened injury to any person nor taking of any property or injury thereto, and plaintiff has been fully compensated for his expense.

Order affirmed.