HARRY M. BITTERMAN, Respondent, *v.* GEORGE A. GLUCK and MAX H. GLUCK, Copartners Doing Business under the Firm Name and Style of DARLING SHOPS and DARLING STORES CORP., a New Jersey Corporation, Appellants.

First Department, March 3, 1939.

*Eugene Frederick Roth* of counsel [*Max M. Hirson* and *Stanley M. Dorman* with him on the brief; *Eugene Frederick Roth*, attorney], for the appellants.

*Sidney S. Bobbé* of counsel [*A. F. Sackheim* with him on the brief; *Alexander Slater*, attorney], for the respondent.

PER CURIAM. This action to recover damages for breach of contracts to employ plaintiff as defendants' resident fur buyer in 1935 and 1936 resulted in a jury's verdict in plaintiff's favor for

$6,500, with interest from July 28, 1936, on which a judgment was entered for $7,396.81. Defendants appeal. An examination of the record indicates that some amount is due from defendants to plaintiff, but the amount allowed is excessive, and numerous errors require reversal of the judgment in plaintiff's favor.

The court improperly charged the jury that plaintiff could recover under the fifth cause of action (on the 1936 written contract) for the balance of the year after the alleged discharge on July 28, 1936. Under the express terms of that contract defendants had an absolute right on thirty days' notice to discharge plaintiff " without any reason or specific cause." If the employer has the unconditional right to terminate the contract of employment after a certain notice, discharge has the effect of notice to terminate and damages are allowed only up to the time the contract would have terminated if notice had been given. (*Watson* v. *Russell*, 149 N. Y. 388; *Robertson* v. *Frohman, Inc.*, 198 App. Div. 782, 787; *Inglesli* v. *Hickson, Inc.*, 195 id. 585; *Chatham Plan, Inc.*, v. *Clinton Trust Co.*, 246 id. 498, 500; appeal dismissed, 272 N. Y. 497; 1 Clark, New York Law of Damages, § 312.) Since the 1936 contract was terminable by either party and on plaintiff's own proof was terminated by defendants on July 28, 1936, the damages under that fifth cause of action were limited to the thirty days following July 28, 1936. The court's error was not corrected by the contradictory charges later made at the request of both sides. Moreover, as plaintiff adduced no proof whatever as to the claimed damages for the thirty-day period, this cause should not have been submitted to the jury on the proofs adduced. Finally, the written contract specifically limited plaintiff to three per cent commission, yet the court charged that plaintiff might recover under the fifth cause of action on the basis of five per cent.

The court also erroneously charged that the $2,000 involved in the third cause of action was " security " deposited by plaintiff for the faithful performance of his obligations. This error was not corrected by the partial amendment made when both sides agreed that the third cause of action, as pleaded, was for return of $2,000 claimed to have been paid by plaintiff as consideration for the 1936 contract. On the facts and on plaintiff's theory of the third cause of action, that cause should have been dismissed, for the $2,000 is claimed to be consideration paid for a contract which plaintiff concededly received, which both sides performed from January 1, 1936, to July 28, 1936, and which either side could terminate on thirty days' notice. There was no proof that it was merely procured to defraud plaintiff. Moreover, plaintiff did not allege rescission and his other causes of action affirm the contract.

The jury's verdict for the round sum of $6,500 cannot be reconciled with the claims in the complaint and the evidence adduced and was obviously a compromise and rough estimate. Indeed, the case, which involved a vast amount of detailed figures and computations, was so presented to the jury that it was practically impossible for the jury to reach any determination other than by speculation and guess.

July 28, 1936, was clearly not the proper date from which to compute interest on all the causes of action indiscriminately.

It was also error to instruct the jury with regard to the written contract that " they will interpret the language, and from *that* they will say " whether it was an exclusive contract or not. If it is necessary to ascertain the surrounding circumstances to complete the meaning of the words of the contract, that question might be left to the jury, but in such case their determination must be based upon the situation of the parties and all the surrounding facts and circumstances at the time of making the contract and not, as charged, upon the language of the document itself.

On a retrial proper computations of each side based upon documents or books in evidence should be submitted to assist the jury in its determination with regard to the figures involved, and if necessary a special verdict required.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — O'MALLEY, TOWNLEY, DORE and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.