BENNETT F. TOUSLEY, PLAINTIFF, v. ATLANTIC CITY AMBASSADOR HOTEL CORPORATION, A CORPORATION, DEFENDANT.

Decided January 3, 1947.

BURLING, S. C. C. This is a motion to strike the complaint. For the purpose of this motion, the defendant admits

the truth of all facts well pleaded in the complaint and all inferences of fact which can be legitimately drawn therefrom.

This action is upon an integrated contract. The contract is between the defendant, the owner and operator of a hotel in Atlantic City known as the Ambassador Hotel, and the plaintiff to engage his services as managing director thereof. Paragraphs 3 and 4 of the complaint allege:

"3. On or about the thirty-first day of December, 1945, plaintiff and defendant entered into an agreement wherein and whereby defendant engaged and employed the plaintiff to act as Managing Director of the Ambassador Hotel in Atlantic City, New Jersey, and take active charge of the management and operation of said hotel and to devote all of his time and efficient and conscientious efforts to the management and operation of said hotel and the promotion of its business, which agreement was to extend for a period of three years from November 1st, 1945, to October 31st, 1948, and for which services as Managing Director the plaintiff was to receive, and defendant agreed to pay the plaintiff, the sum of $15,000, per annum in equal monthly installments of $1,250 at the end of each calendar month. That together and in addition to, the fixed salary hereinabove mentioned, plaintiff was to receive, and defendant agreed to pay to plaintiff, 3% of the net earnings of the Ambassador Hotel for the twelve months period ending on December 31st of each year during the term of said contract. A copy of said agreement is attached hereto, made a part hereof as though fully herein set forth and marked Exhibit 'A.'

"4. That in accordance with the terms and the provisions of said contract, plaintiff entered upon the performance of his duties as Managing Director of the Ambassador Hotel and performed all and singular the terms and conditions required of him as Managing Director of the Ambassador Hotel and performed all and singular the terms and conditions required of him under said agreement and continued in the performance of said duties until on or about the twenty-sixth day of April, 1946, at which time defendant without any just cause or reason, and in violation of the terms and conditions of the agreement hereinabove mentioned, discharged the plain-

tiff from his said position as Managing Director of the Ambassador Hotel and refused to pay him the sums of money becoming due and owing to him under the terms and conditions of said contract hereinabove mentioned thereby breaching said agreement."

In disposing of this motion, the objection to paragraph 7 of the complaint will be first dealt with. Paragraph 7 reads as follows:

"7. As a further result of the action of the defendant in dismissing the plaintiff from its employ before the expiration of said agreement, plaintiff has suffered and sustained injury and damage to his reputation as a Managing Director among the owners of hotels throughout the country as a result of which he has been unable to obtain employment as such Managing Director by reason of his dismissal by the defendant and the unlawful termination of his employment under the terms of said agreement, which damage directly and naturally resulted in the ordinary course of events from the action of the defendant in dismissing the plaintiff from its employ before the expiration of said agreement for which plaintiff will claim special damages."

By the brief of the defendant it is asserted reasons 3, 4, 5, 6 are directed thereto. They read as follows:

"3. Paragraph 7 purports to plead a claim for damages which is not actionable and which is frivolous.

"4. The complaint does not allege sufficient facts upon which to predicate a cause of action for the damages which the plaintiff claims he is entitled to.

"5. The plaintiff seeks damages which are not justified and to which the plaintiff is not entitled under and pursuant to the allegations of the complaint.

"6. The plaintiff seeks damages which are not justified and to which the plaintiff is not entitled under and pursuant to the allegations of the complaint since the contract annexed to the complaint in paragraph VII limits the recovery for the termination of plaintiff's employment to a specified sum or sums."

The rule for damages upon breach of a contract has been stated in *Marcus & Co., Inc., v. K. L. G. Baking Co., Inc.*

(*Court of Errors and Appeals*, 1939), 122 *N. J. L.* 202 (at *p.* 208); 3 *Atl. Rep.* (*2d*) 627 (at *p.* 631), as follows:

"The general rule for the admeasurement of damages consequent upon a breach of contract is the loss directly and naturally ensuing from the breach in the ordinary course of events. The party guilty of the breach is liable only for the losses reasonably foreseeable, at the time of the making of the contract, as the probable result of the breach. To borrow the language of Alderson, B., in the leading English case of *Hadley* v. *Baxendale*, 9 *Exch.* 341, the damages recoverable for a breach of contract are limited to such as may 'reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it.'"

And at *p.* 211 of 122 *N. J. L.;* at *p.* 632 of 3 *Atl. Rep.* (*2d*):

"Whether it be regarded as founded in the common consent of the parties, or as *quasi*-contractual in nature, it is an obligation imposed by law on the guilty party to answer in damages for the reasonably foreseeable consequences of his breach. He is not justly chargeable with a greater liability than was contemplated by the parties; for, in a case such as this, it is his undoubted right, by express provision, to alter the standard for the admeasurement of damages in the event of a breach, *i. e.,* to stipulate for an enlargement or curtailment of the liability thus imposed, or even for liquidated damages, regardless of the loss actually suffered."

The contract was for three years from November 1st, 1945. It provided a plan upon notice, for prior termination beginning November 1st, 1946. No provision was made for termination prior thereto. As alleged in the complaint, the defendant discharged the plaintiff without just cause or reason on April 26th, 1946, and refused to pay him further.

There seems to be no express decisions in New Jersey upon the subject of damages to reputation resulting from breach of contract. However in a tort case of *Spiegel* v. *Evergreen Cemetery Co.* (*Supreme Court*, 1936), 117 *N. J. L.* 90 (at *p.* 95); 186 *Atl. Rep.* 585 (at *p.* 588), Mr. Justice Heher, speaking for the Supreme Court, said:

"It is to be remarked, in passing, that the common law did not permit damages for mental distress consequent upon a mere breach of contract. This doctrine, too, is subject to exceptions; and it may well be that, on principle, it is inapplicable where the subject-matter of the contract is such as to make it certain or reasonably probable that the parties had in contemplation, at the time of the making of the contract, a pecuniary satisfaction for the anguish and distress of mind ensuing from a breach of its terms. But this case does not present that question, and we need not consider it."

There are no allegations of tortious behavior in the complaint.

The difficulties with allowance of recovery of damages of this nature in a contract case are alluded to in *Mastoras* v. *Chicago, M. & St. P. Railway Co.* (1914, D. C. W. D. Wash. N. D.), 217 *Fed. Rep.* 153 (at p. 155), and *Westwater et al.* v. *Rector, &c., of Grace Church* (1903), 140 *Cal.* 339; 73 *Pac. Rep.* 1055 (at p. 1056):

"And so of the reputation and feelings. What the reputation was, what it is now, how much and in what way it has been impaired by defendant, or has it been impaired by other persons or other causes, or by failure of the powers and ability of plaintiff, leads us into questions too abstruse and complicated for the human mind. Certainly, such damages are not clearly ascertainable."

Also refer to 39 *C. J.* 112.

The decision of this motion calls for an interpretation of the contract and it appears to be a question for the court. *Edge* v. *Boardwalk Securities Corp.* (*Court of Errors and Appeals,* 1935), 115 *N. J. L.* 286, 290; 179 *Atl. Rep.* 270.

A review of the contract makes it certain or reasonably probable that the parties did not have in contemplation at the time of the making of the contract any pecuniary satisfaction for damage to reputation.

It is not the function of the court to write a contract. *Wyckoff* v. *Monmouth County* (*Court of Errors and Appeals,* 1941), 127 *N. J. L.* 268, 271; 21 *Atl. Rep.* (2d) 791; *McBride* v. *Maryland Casualty Co.* (*Court of Errors and*

*Appeals*, 1942), 128 *N. J. L.* 64 (at *p.* 68); 23 *Atl. Rep.* (*2d*) 596; 138 *A. L. R.* 932.

The motion to strike paragraph 7 from the complaint is granted as it does not set forth a claim for damages which is actionable and is frivolous.

This action also disposes of reasons 8 and 11, which are as follows:

"8. The complaint is duplicitous in that it undertakes to plead more than one cause of action, and pleads separate grounds for damages, in one count."

"11. The complaint is so framed as to embarrass or delay a fair trial."

Other objections to the sufficiency of the complaint are not meritorious or are to be dealt with at the trial. The motion as based upon the remaining reasons is denied.

Demand for particulars of the damage will provide the certainty contemplated by reason 10. In the settlement of issues, from the complaint, the damages resulting from the alleged breach of the contract lend themselves into the following categories:

The complaint pleads a discharge and has the effect to terminate as of the earliest time if notice had been given. 39 *C. J.* 111; *Bitlerman* v. *Gluck*, 256 *App. Div.* 336; 9 *N. Y. S.* (*2d*) 1007 (at *p.* 1008).

For salary to November 1st, 1946, at $15,000 per year.

Under section vii of the contract—$24,000 liquidated amount as of November 1st, 1946.

Profit participation to November 1st, 1946, as defined by the contract.

Value of lodging to November 1st, 1946.