## HAUSER v. WATSON.
### No. 632.

Municipal Court of Appeals for the District of Columbia.

July 22, 1948.

A. M. Goldstein, of Washington, D. C., for appellant.

Louis B. Arnold, of Washington, D. C. (Irene Kennedy of Washington D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The question on this appeal is whether the trial judge was justified in taking from the jury plaintiff's claim for salesman's commissions and limiting his recovery as a matter of law to $25 instead of a much larger sum he claimed.

Plaintiff went to work for defendant company as an automotive salesman in mid-June 1944 under a verbal understand-

ing with the company's branch manager, E.T. Rayner. A week or so later Rayner handed plaintiff a copy of a letter written by him to the company's main office, reciting that plaintiff had been employed at $300 per month plus two percent commission on all sales credited to him. The letter also recited that plaintiff was to participate in the company's bonus plan and to be paid for the expense of operating his automobile and for other expense items. After the letter was received at the main office, the defendant J. Angus Watson, owner of the company, told Rayner, who in turn told plaintiff, that he objected to paying plaintiff commissions "on top of salary and bonus." Defendant claims this took place in July 1944, a few weeks after plaintiff went to work; but plaintiff claims he was not told of the objection to paying him commissions until some sixty to ninety days after he started to work. It is conceded, however, that plaintiff was told that he would not be paid both bonuses and commissions, that he continued to work for eighteen months, resigning on January 31, 1946. Also there is no dispute that during the entire period of his employment he drew his monthly salary of $300, plus expense allowances, plus regular semi-annual bonuses which totalled $1350 (as against the $800 in commissions involved in this litigation) and made no claim for commissions until a month before he resigned.

It was stipulated that total sales credited to him during his employment amounted to $40,000 and that his commissions thereon, if he were entitled to recover them, would be $800. It was also stipulated that the commissions earned by plaintiff up to the time he claimed he was first told that Mr. Watson would not approve the commission arrangement amounted to $25. It was for this smaller amount that the trial judge directed a verdict, ruling as a matter of law that plaintiff was entitled to no more and eliminating the remainder of his claim.

The trial judge held that when plaintiff received notice that Watson would not pay him both bonuses and commissions he was under an obligation to elect whether he would continue in defendant's employment on a bonus basis or on a commission basis; that he elected to and did continue on the bonus basis throughout his employment. The judge also held that by his election to accept the bonus arrangement plaintiff lost whatever right he may have had to claim commissions and was estopped to do so, except for the period of ninety days (accepting plaintiff's own statement of the longest period) before the bonus-plus-commission arrangement was rejected by Watson.

We think the ruling was correct and must be sustained. Appellant says that by the ruling the employer was permitted to vary a written contract by parol. But it is plain that the employment agreement was a verbal one between Rayner, the branch manager, and the appellant. Rayner's letter to the main office was evidence of the basis on which plaintiff was to be paid, which basis had already been agreed to verbally. But even if the letter be viewed as a contract it was by no means irrevocable. Plaintiff's employment, it was conceded, was for no definite period and could have been terminated at any time at the will of either party.[1] So too its terms were subject to modification; and there is no question that such modification may be by parol.[2] The employer in this case did modify the terms of employment by limiting the basis of compensation. And the employee's assent to the modification was clearly indicated by his acts and conduct in electing to forego commissions and to accept larger sums as bonus payments during the year and a half that he continued on the job. This was no mere acquiescence by silence; it was a deliberate election by one who had full and free power of election. The law will not permit

[1] Littell v. Evening Star Newspaper Co., 73 App.D.C. 409, 120 F.2d 36; J. E. Hanger, Inc., of Washington, D. C., v. Fitzsimmons, 50 App.D.C. 384, 273 F. 348.

[2] Chesapeake and Ohio Canal Co. v. Ray, 101 U.S. 522, 25 L.Ed. 792; Crown

Central Petroleum Corporation v. Consolidated Oil Co., 5 Cir., 85 F.2d 429; Newcomb v. York Ice Machinery Corporation, 5 Cir., 56 F.2d 576; Cumberland Hydraulic Cement & Manufacturing Co. v. Wheatley, 9 App.D.C. 334; Nickel v. Scott, D.C.Mun.App., 59 A.2d 206.

one who has made such an election and accepted its benefits to wait until he leaves the employer's service and then claim that he was not bound by his own conduct.

Appellant says there was no consideration. for the change in the terms of employment. We think, however, that the mutual advantages of the continuing employment constituted valid consideration.

Affirmed.