Per Curiam.

This is a suit for anticipatory breach of a contract dated October 27,1948, under which the defendant agreed to manufacture for three years a toy invented by the plaintiff. The contract provided for payment of royalties of 5% on sales, with a minimum of $2,500 for the first year. The defendant, however, had the option to cancel at any time after the toy show ending on March 17, 1949, but not later than April 1, 1949. In the event of cancellation within such two-week period the plaintiff would only be entitled to “ full royalties * * * for any and all goods shipped under this agreement — up to April 1, 1949.”
On or about February 2, 1949, the defendant gave notice of its intention not to go ahead with the plaintiff’s invention. The defendant never manufactured any samples of the toy for exhibition at the show.
The plaintiff has been awarded the sum of $2,350 as damages measured by the minimum royalties for the first year less $150 received on account to bind the agreement.
We think that the plaintiff has not established the right to recover the damages he has been awarded in this case. The notice of election to terminate the contract, though premature, was nevertheless effective to advise the plaintiff of the defendant’s intention to exercise his option. Such an anticipatory breach of the contract would amount to cancellation in contemplation of law. (Watson v. Russell, 149 N. Y. 388; Bitterman v. Gluck, 256 App. Div. 336.) The value of the contract at the time of the anticipatory breach must be measured subject to the cancellation privilege which it contained. In this view of the case the plaintiff’s damages should be limited to the defend *417 ant’s liability under the contract as for a cancellation in exercise of the option. We construe the contract as limiting such liability to royalties on goods shipped under the agreement. The damages for a breach prior to the period of optional termination under the contract should be no greater, unless the plaintiff sustained special damages for failure of the defendant to make and exhibit the toy. The plaintiff, however, made no attempt to prove such special damages. Since no goods were shipped under the agreement, the plaintiff has failed to establish any actual or substantial damages.
The minimum royalties allowed to the plaintiff were not to become due if cancellation took place between March 17-April 1, 1949. These would be a proper measure of damages only in the event of a breach subsequent to April 1, 1949.
The defendant, however, anticipated the date for proper exercise of the option to terminate and was thus guilty of an anticipatory breach of the contract. Thus there was a technical breach of the contract, for which the plaintiff is entitled to recover nominal damages in the absence of establishing any basis for measurement of actual damages.
The case of Baer v. Durham Duplex Razor Co. (228 App. Div. 350, affd. 254 N. Y. 570) is distinguishable.
The determination appealed from should be modified accordingly, and, as so modified, affirmed, with costs to the appellant.