
**PFEFFER v. ERNST et al.**

**No. 1083.**

Municipal Court of Appeals for the District of Columbia.

Argued July 9, 1951.

Decided July 23, 1951.

Edward E. O'Neill, Washington, D. C., Kermit L. Sharff, Washington, D. C., on the brief, for appellant.

Stephen G. Ingham, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Charging that the Broadmoor Hotel had refused to reemploy her as an assistant housekeeper and that such refusal had caused her "mental shock," plaintiff sued for damages. The case was once tried to a jury and a verdict was directed for defendant. The judge who presided at that trial set aside the verdict and granted plaintiff's motion for new trial.

This time the case was presented to another judge on a written stipulation by which jury trial was waived and the issues submitted for decision by the court. The stipulation recited that six weeks after she had entered on her duties she suffered an injury while on the job. She was hospitalized for a week and unable to resume her work for another six weeks. During that period she received full workmen's compensation for her wages, medical care and attention.

While plaintiff was in the hospital a representative of the hotel who "had full power to hire and fire at will in the housekeeping department, advised the plaintiff that upon her recovery her position as assistant housekeeper would be open to her." When plaintiff's physician gave her permission to return to work, the hotel declined to put her to work as assistant housekeeper but did offer her a position as seamstress, which offer she refused. (Plaintiff, before going to work for defendant, had no prior experience in the hotel business but had followed the vocation of seamstress for many years. The record does not reveal what difference in salary, if any, there was between the two positions.) The stipulation further recites "that the statement * * * to the plaintiff, that her services were no longer desired, was the direct cause of mental shock to the plaintiff for which compensa-

tion is sought; that this mental shock is unaccompanied in any way by any physical injury or any special damage; that this mental shock did not arise from any physical injuries sustained by plaintiff including those from the accident of April 21, 1947 and that the plaintiff [has] been fully compensated under the Longshoremen's Compensation Act for all physical injuries arising from the said accident of April 21, 1947."

█ Standing initially in the way of a recovery by plaintiff is the fact that no valid contract to reemploy is shown in the record. The mere statement that her position "would be open to her" was unilateral and without consideration to support it. Lyons v. Capital Transit Co., D.C.Mun. App., 62 A.2d 312. Moreover, as we said in the case just cited, contracts of this nature being for no definite period are terminable at the will of either party with no ensuing liability on the part of either. In so holding we followed the rulings in National Labor Relations Board v. Fansteel Metallurgical Corp., 306 U.S. 240, 59 S.Ct. 490, 83 L.Ed. 627; Associated Press v. National Labor Relations Board, 301 U.S. 103, 57 S.Ct. 650, 81 L.Ed. 953; E. Anthony & Sons v. National Labor Relations Board, 82 U.S.App.D.C. 249, 163 F.2d 22, certiorari denied 332 U.S. 773, 68 S.Ct. 89, 92 L.Ed. 358; Littel v. Evening Star Newspaper Co., 73 App.D.C. 409, 120 F.2d 36; and J. E. Hanger, Inc., of Washington, D. C. v. Fitzsimmons, 50 App.D.C. 384, 273 F. 348.

Though what we have just said is decisive of this appeal, we proceed to a consideration of appellant's major contention: that she is entitled to damages for "mental shock." We recognize that in some tort actions there may be a recovery for

mental suffering. In Clark v. Associated Retail Credit Men, 70 App.D.C. 183, 105 F.2d 62, 64, the court ruled that damages were allowable where defendant collection agency had *intentionally* inflicted both mental and physical injuries upon the plaintiff through collection letters sent to him. But in the Clark case the court was careful to say, "The law does not, and doubtless should not, impose a general duty of care to avoid causing mental distress." We quoted that language in a case where a waiter in a cocktail lounge had made insulting remarks to a patron, and we held that such patron had no right of recovery for humiliation or hurt feelings. Wallace v. Shoreham Hotel Corporation, D.C.Mun. App., 49 A.2d 81.

█ We think this case is governed by the general rule that in a case of breach of contract a plaintiff's recovery is limited to such injuries as are the direct and natural results of the breach and which could reasonably have been contemplated or expected by the parties. As was said in a recent case, Lamm v. Shingleton, 231 N.C. 10, 55 S.E.2d 810, 813, "contracts are usually commercial in nature and relate to property or to services to be rendered in connection with business or professional operations. Pecuniary interest is dominant. Therefore, as a general rule, damages for mental anguish suffered by reason of the breach thereof are not recoverable. Some type of mental anguish, anxiety, or distress is apt to result from the breach of any contract which causes pecuniary loss. Yet damages therefor are deemed to be too remote to have been in the contemplation of the parties at the time the contract was entered into to be considered as an element of compensatory damages." This rule of law seems to be well-established.[1] Sedgewick on Damages, 9th Ed., Vol. 1, Sec. 45;

1. Though not pertinent here we are aware that several state decisions allow recovery for mental suffering in cases where the injury suffered has been due to the mishandling of a dead body or a telegraph message. See 6 L.R.A. 883 (dead body cases), Nichols v. Central Vermont R. Co., 94 Vt. 14, 109 A. 905, 12 A.L.R. 342 (dead body cases) and Western Union Telegraph Co. v. Chouteau, 28 Okl. 664, 115 P. 879, 49 L.R.A., N.S., 206 (telegraph cases). But we note that even in such cases the Federal rule is otherwise. Southern Express Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825 (burial case) and Western Union Tel. Co. v. Wood, 5 Cir., 57 F. 471, 21 L.R.A. 706 (telegraph case).

Williston on Contracts, Rev.Ed., Vol. 5, Sec. 1340(a); Restatement of Contracts, Section 341; 25 C.J.S., Damages, § 69; 15 Am.Jur., Damages, Sec. 182; Paxson v. Cass County Road Commission, 325 Mich. 276, 38 N.W.2d 315; Tousley v. Atlantic City Ambassador Hotel Corporation, 50 A.2d 472, 25 N.J.Misc. 88; Westwater v. Rector, etc. of Grace Church, 140 Cal. 339, 73 P. 1055; Koons v. Shelburne Motor Company, 167 Okl. 634, 31 P.2d 573; Swanson v. First National Bank of Barnum, 185 Minn. 89, 239 N.W. 900.

We believe that under the facts of this case plaintiff should not be permitted to recover for the "mental shock" which followed the refusal of the hotel to restore her to her former job. Under the agreed facts the trial court would have had no right to hold that the hotel's action amounted to a reckless disregard of plaintiff's rights or a willful wrong, or that it was intentionally designed to do her harm. Nor has she made any claim for compensatory damages except for the shock or disappointment which flowed from defendant's failure to give her the exact position she had previously held. It might well be that because of the promise plaintiff was put to a disadvantage by not applying for other work elsewhere, but the stipulation recites not only that she suffered no physical injury but no special damage of any kind except mental suffering. This we think falls into the category of mental distress which every person suffers who has lost a job or any other commercial or professional advantage. We must rule that such does not, under the facts before us, constitute actionable damages.

Apparently in an attempt to bring herself within some excepted class, appellant has described her claim as one for a "tortious breach of a quasi-contract." We cannot accept such terminology. If there was a contract between these parties it was actual and not quasi. And the hotel's conduct, if wrongful,was so because it was a violation of contract; for it owed plaintiff no duty independent of contract. This is not a case where a plaintiff may suc-

cessfully elect whether to sue on the contract or cast her claim in tort.[2] For if she waived the contract she waived all.

Affirmed.

---

2. Cf. Boland v. Southern Ice Co., D.C.E. D.S.C.; 80 F.Supp. 924.