Frank A. Gulotta, J.
This is an action to recover on a written contract of employment which is a little unusual in that the alleged contract was never produced at the trial, nor was any copy of it displayed. The plaintiff instead relied on a reconstruction of the contract, prepared from memory by the former president of the corporate defendant, five years after the event.
The gist of plaintiff’s action is that he was hired as general sales'manager of defendant corporation on June 23, 1953, under a contract which was to run from year to year but was terminable by either party, as an absolute right, upon 90 days’ written notice to the other. The terms of compensation were 614% straight commission on sales made by plaintiff and a like commission on “ house ” sales, with an override commission of 2%% on sales made by other salesmen.
Plaintiff says that without any prior notice he was fired on September 13, 1957. In the first cause of action he claims that earned commissions of $15,365 were due him at that time. In the third cause of action (the second having been withdrawn) he claims $18,800 for commissions he would have earned for the 90-day period following his discharge, had he been given the notice called for by the contract and continued his employment for that period.
The answer which originally consisted solely of denials, was amended at the trial, with the consent of the plaintiff, to plead a discharge in bankruptcy under a chapter XI proceeding for the reorganization of the defendant corporation.
Plaintiff’s motion at the trial to add another cause of action so as to claim commissions right down to the date of trial, on the theory that defendant had never been given the specific written registered mail notice called for by the contract, was denied on the basis of the well-settled rule that the actual discharge of plaintiff was in any event, the equivalent of such a notice, assuming that he was entitled to receive one. (Bitterman v. Gluck, 256 App. Div. 336.)
*342 As to the sufficiency of the affirmative defense, section 371 of chapter XI of the Bankruptcy Statute (IT. S. Code, tit. 11, § 771) reading as follows: ‘ ‘ Seo. 371. The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement ’ ’ makes it clear, that the court at least had the power to annul the contract in suit. The difficulty is that the record leaves in doubt whether it did so.
The amended plan of arrangement dated November 16, 1956, contains this statement: “D. Executory Contracts. The debtor reserves the right to disaffirm all contracts which are executory, in whole or in part. ’ ’
The order of discharge dated February 6, 1957, provides: ‘ ‘ ordered, that the debtor be, and it hereby is discharged from all of its debts, claims and liabilities, except as provided in the arrangement and the order confirming same ’ ’.
No proof was offered to the effect that the debtor had ever exercised its prerogative to disaffirm the contract. .
Indeed it would have been most unlikely to find them doing so, since in the original petition for an arrangement dated May 28, 1956, it is stated there were none, and Exhibit 1, where such contracts were supposed to be listed, is omitted.
So in the absence of a tie-in between this right and its exercise, this defense would appear to be insufficient.
However there are far more serious difficulties obstructing plaintiff’s path to a recovery.
Plaintiff attempts to account for the absence of this very important document on which his whole case rests, by stating that in or about February, 1957, he gave it to his attorney to use in connection with the preparation of a new contract, and that he, the attorney, lost it. The attorney was not produced to corroborate this story, nor was the failure to produce him explained, although it was incumbent upon him to do so. (Kearney v. Mayor of City of N. Y., 92 N. Y. 617.)
Joseph Davis, the author of the reconstructed contract, when called as a witness, testified to a different agreement than his own reconstruction in some important respects, e.g., he thought the agreement was for a definite term of five years with a five-year renewal, rather than year to year.
Altogether the secondary evidence of the text and terms of this alleged agreement was inconclusive and unsatisfactory. (Richardson, Evidence [8th ed.], § 576.)
If we assume the existence of a valid oral agreement of hiring on the same terms for compensation which had previously *343 existed, the only definite, precise and credible evidence adduced on the subject of the total commission earned by the plaintiff were the records of the defendant. These show that from February 6,1957, when the defendant emerged from the custody of the Bankruptcy Court, to September 13, 1957, the date of plaintiff’s discharge, including the orders on hand but not shipped as of that date, he earned $13,098.79. Against this plaintiff had in the same period drawn $21,998.09. Even giving full effect to his questioning of four items charged to him totaling $4,050 and a few other small items of petty cash totaling $465, he is still overdrawn $4,384.30.
In addition it was conclusively proved from the minutes of the corporation that at a meeting at which the plaintiff presided on August 21,1953, all members of the board of directors, which included the plaintiff, “ agreed to relinquish their (employment) contracts These minutes were confirmed at the subsequent meeting held on September 25, 1953, wherein plaintiff is denominated chairman of the board. It should be noted that this was not a unilateral attempt by the corporation to cancel the contract, but the recital of a mutual agreement by both contracting parties to do so. Plaintiff’s denial of the authenticity of these minutes is inherently unbelievable.
The complaint is, therefore, dismissed on the merits.
The essential facts found are contained in this opinion, in accordance with section 440 of the Civil Practice Act.
Settle judgment on notice.