James H. Boomer, J.
The plaintiff contracted to construct a building for the defendant and the plaintiff sues for work, labor and services performed under the contract. The defendant, in the third counterclaim in its answer, alleges that the plaintiff breached the contract by failing to pay the subcontractors as required by the terms of the contract and as a result the subcontractors placed mechanics’ liens against the defendant’s property. On oral argument it was conceded by defendant’s attorney that the only item of damage claimed as a result of the mechanics’ liens was loss of defendant’s credit rating. Plaintiff moves to dismiss the counterclaim, contending that in the absence of malice loss of business credit is not a proper item of damages.
While there appears to be no direct authority on the point in New York State, Lurman v. Jarvie (82 App. Div. 37) gives us some assistance. There, the plaintiff alleged he was wrongfully suspended from the Coffee Exchange of New York City and claimed as his only item of damage, injury to his business reputation. No proof of malice was offered. The court dismissed the complaint stating (p. 45) that plaintiff’s counsel ‘ ‘ likens the action to one for slander or libel. These actions, however, are based upon malice which sometimes has to be affirmatively shown, and in other instances it is presumed from the nature of the wrongful act. The same is true of1 actions for malicious prosecution and false arrest and imprisonment. We know of no class of actions where damages to one’s character or reputation are recoverable in the absence of malice, express or implied. But however the rule may be in other cases, we see no propriety in permitting a recovery for damages to the plaintiff’s business reputation on the facts in this case, there being no malice alleged or facts stated from which it should be freely implied.”
On the subject of loss of business credit as an item of damages, Corpus Juris Secundum states (25 C. J. S., Damages, § 55, p. 807): “ Loss of business credit and reputation due to the wrongful act of another may afford a proper element of damages. It has been held, however, that loss of commercial credit cannot *1026 "be assessed as an element of damages for breach of a contract, unless it immediately connects itself with some tangible pecuniary loss of which it was the cause. ’ ’ Cases cited in Corpus Juris Secundum and in Corpus Juris (17 C. J., Damages, § 121, p. 797, n. 6) allowing recovery for loss of commercial credit are: Lawrence v. Hagerman (56 Ill. 68), where defendant maliciously sued out a writ of attachment; Dyke v. Walker (5 La. Ann. 519), where defendant seized plaintiff’s hay without pretext; Peabody v. Citizens State Bank of St. Charles (98 Minn. 302), where the defendant bank wrongfully and maliciously protested a check; and Peshine v. Shepperson (58 Va. 472), where the proof indicated that defendants fraudulently took away a large part of a storekeeper’s goods forcing him into bankruptcy. In Lawrence v. Hagerman (supra), the court indicated that while loss of credit and financial reputation are proper items of damages in an action for maliciously suing out a writ of attachment, they are not in an action brought on the bond posted to obtain the writ.
In Virtue v. Creamery Package Mfg. Co. (123 Minn. 17), it was indicated that recovery might be allowed for injury'to business reputation in a suit for patent infringement, but recovery was denied because the damages were too remote and speculative under the facts proven.
Other cases cited denying recovery for loss of commercial credit are: Eckel v. Murphey (15 Pa. 488), where defendant in his counterclaim alleged a loss of credit standing resulting from plaintiff’s breach of contract to supply coal, and Swanson v. First Nat. Bank (185 Minn. 89), where the damages for loss of credit standing allegedly resulted from the bank’s failure to comply with its agreement to pay out plaintiff’s money to discharge a mortgage. In Eckel v. Murphey (supra, p. 495), the court stated: ‘1 The injury inflicted by a loss of commercial credit is not such as can be estimated by a common-law jury. It is, consequently, to be excluded from consideration when ascertaining the extent of damages to be assessed, unless, indeed, it immediately connects itself with some tangible pecuniary loss, of which it was the cause.” And in Swanson v. First Nat. Bank (supra, p. 92), the court stated: “ In actions for breach of contract, it is only in exceptional cases that damages for injury to reputation or for mental suffering can be recovered.” The court distinguished the case before it from cases where a bank wrongfully refuses to pay a check, for in the latter cases an inference of dishonesty or crime on the part of the maker could be inferred.
*1027 In Texas the rule is that while loss of credit may he a factor in assessing exemplary damages in a proper case, it is never an item of compensatory damages (State Nat. Bank of Iowa Park v. Rogers, 89 S. W. 2d 825).
The only cited case permitting compensatory damages for loss of credit in a contract action is Lowe v. Nelson (7 Porto Rico Fed. Rep. 275). There, in breach of a partnership agreement, one of the partners withdrew from the business and the remaining partner sued claiming damages “ in that his business agreements have been broken and his credit, which was good and ample when he entered into said contract with defendants, has been utterly ruined to damage of plaintiff in the sum of $5,000.” The court without further discussion of the subject held that if withdrawal of the defendant from the partnership resulted in injury to the credit of the plaintiff ‘1 it would seem as if it would be a proximate result of the wrongful breach of contract, and therefore could be included in the complaint. ’ ’ I decline to follow this case for the weight of authority seems to be otherwise.
It appears to be the rule that, only in exceptional cases can damages for injury to business reputation or loss of business credit be claimed in a contract action. Those damages are more appropriate to tort actions, particularly those involving actual or constructive malice.
Professor Corbin explains the difference between the measure of damages in tort actions and in contract actions. After reciting the rule in contract actions that ‘1 damages are recoverable only for those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made ’ ’ (5 Corbin, Contracts, § 1007, citing the leading case of Hadley v. Baxendale, 9 Exch. 341), he states, “ It seems that courts have been willing to include in tort actions more remote and less easily foreseeable elements of injury than is the case in contract actions. Foreseeability of some harm is necessary to establish negligence; but having established the existence of negligence, injurious consequences that the wrongdoer did not have reason to foresee at the time of his tortious conduct have often been charged against him.” (5 Corbin, Contracts, § 1008, citing among other cases, Ehrgott v. Mayor of City of N. Y., 96 N. Y. 264; see, also, § 1019.)
For breach of contract, a plaintiff 1 ‘ may recover as damages only those that would naturally arise from the breach itself, or those that might reasonably be supposed to have been contemplated by the parties when the contract was made.” (Orester v. Dayton Rubber Mfg. Co., 228 N. Y. 134, 137; see, also, 1 New *1028 York Law of Damages, § 63.) And if the plaintiff relies upon special circumstances known to the parties at the time of the contract, he must allege them in his pleading (Barnes v. Brown, 130 N. Y. 372, 382). While it might reasonably be supposed to be contemplated by the parties, when a construction contract is entered into, that the failure of the contractor to pay his subcontractors will result in the filing of mechanics’ liens against the owner’s property, it could not be reasonably supposed to be contemplated that the owner would thereby suffer injury to his credit rating. Loss of a property owner’s business reputation or commercial credit does not normally or naturally arise from the filing of mechanics’ liens. In the commercial world no stigma attaches to an owner because notices of mechanics’ liens are filed against his property. Mechanics’ liens may be filed as a matter of course by any contractor, subcontractor or supplier who performs work upon, or supplies materials for, the property, even before payment is due (Lien Law, § 10). And they may readily be discharged by the filing of an undertaking (Lien Law, § 19, subd. [4]).
I hold that damages may not be recovered for loss of an owner’s commercial credit in an action for breach of a building contractor’s agreement to pay the subcontractors, at least in the absence of special circumstances alleged in the pleading.
The third counterclaim is dismissed.