## CIRCUIT COURT OF THE CITY OF RICHMOND

Harris, etc.

v.

Richmond Motor Co., Inc., et al.

August 7, 1974

Case No. 6604

By Judge Alex H. Sands, Jr.

The sole issue presented upon this motion to set aside the verdict now before the court is whether or not damages allegedly resulting from mental suffering and humiliation resulting from breach of contract are recoverable in an action based on breach of contract.

A verdict having been awarded in favor of the plaintiff, the court must, of course, view the facts in the light most favorable to the plaintiff, all issues of fact having been resolved in favor of the plaintiff by the jury. It must be conceded, therefore, that the defendant Richmond Motor Co. did, in fact, violate its contract with the plaintiff by failing to advise him as to the date upon which competition for the punt, pass, and kick contest would take place, and it must further be conceded that the plaintiff, as a result of missing his opportunity to compete in this activity, sustained extreme disappointment and was subjected to chiding on the part of his friends and acquaintances.

### Are Damages of This Nature Recoverable In a Breach of Contract Action?

At the outset; it should be stated that there is no evidence in this case that the failure of the defendant Richmond Motor Company to apprise the plaintiff of the time and date of the competition could be considered as falling under the category of action amounting to reckless disregard of plaintiff's rights or a willful wrong or that such action by the defendant was intentionally designed to eliminate

plaintiff from the competition. At best and viewing the evidence in the light most favorable to the plaintiff, it was a mere careless oversight on the part of whatever one of the defendant's employees as might have been charged with the duty of giving the plaintiff notice.

While there does not appear to be any Virginia case dealing with the question of damages for mental suffering and humiliation growing out of breach of contract as distinguished from those growing out of tort, yet the general rule seems to be fairly well established. It is thus stated in *Restatement of Contracts*, § 341, as follows:

> In actions for breach of contract, damages will not be give as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm *and* where it was the wanton or reckless breach of a contract to render a performance of such character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss. (Emphasis added.)

The author then goes on to point out that the only two situations where compensatory damages for mental suffering can be awarded in a breach of contract action are (1) where such breach accompanies a bodily injury or results in a bodily injury and (2) where it is caused intentionally or in a manner that is wanton or reckless. As pointed out above, in this case there is no evidence to support an award of damages in either of these categories.

In *Emerman v. Baldwin*, 142 A.2d 440, the court refused to allow plaintiff damages for mental anguish and suffering resulting from the defendant's action in breaching a lease which deprived the plaintiff of the property which she had anticipated that she was to occupy for a period of two years. This is precisely the sort of breach of contract which we are concerned with in the instant case.

In the case of *Pfeffer v. Ernst*, 82 A.2d 763, plaintiff claimed mental anguish and suffering as a result of the defendant's breach of contract to re-hire her as a hotel employee. In denying recovery, the court said:

> It might well be that because of the promise, plaintiff was put to a disadvantage by not applying for other work elsewhere, but the stipulation recites not only that she suffered no physical injury, but no special damage of any kind ex-

cept mental suffering. This we think falls into the category of mental distress which every person suffers who has lost a job or any other commercial or professional advantage. We must rule that such does not under the facts before us constitute actionable damages.

Indeed, even in cases sounding in tort, recovery for mental suffering has been, in the most part, allowed only where such mental suffering ultimately resulted in *physical damage. See, Hughes v. Moore*, 214 Va. 27 (1973). See also an excellent review of the history of the rule permitting damages in such cases contained in the case of *Dillon v. Legg*, 68 Cal. 2d 728, 29 A.L.R. 3d 1316.

There are certain exceptions to the above rule which disallows recovery of damages based upon mental suffering in contract cases such as cases involving contracts of engagement to marry, contracts of carriers and innkeepers, and contracts for the proper disposition of dead bodies and those dealing with the delivery of death messages by telegraph companies. The case at bar, however, falls under none of the exceptions to the general rule.

For the above reasons, the verdict of the jury in the instant case will be set aside and judgment rendered for the defendant.